2001-NMSC-026

31 P.3d 1006

**STATE of New Mexico, Plaintiff–Respondent,**

v.

**Paul PEREA, Defendant–Petitioner.**

**No. 26,685.**

Supreme Court of New Mexico.

Aug. 29, 2001.

Phyllis H. Subin, Chief Public Defender, Samantha J. Fenrow, Assistant Appellate Defender, Santa Fe, NM, for Petitioner.

Patricia A. Madrid, Attorney General, Anita Carlson, Assistant Attorney General, Santa Fe, NM, for Respondent.

*OPINION*

FRANCHINI, Justice.

{1} Defendant Paul Perea appeals from a conviction for contributing to the de-

linquency of a minor contrary to NMSA 1978, § 30–6–3 (1990) that resulted from his having provided alcohol to a minor. In his appeal to the Court of Appeals, Defendant argued that he should have been charged instead with the offense of selling or giving alcoholic beverages to a minor under a provision of the Liquor Control Act, NMSA 1978, § 60–7B–1(A) (1998). The Court of Appeals, after analyzing both statutes under the general/specific statute rule, affirmed his conviction by holding that Defendant had been properly convicted of the offense of contributing to the delinquency of a minor. *State v. Perea*, 2001 NMCA 002, ¶ 27, 130 N.M. 46, 16 P.3d 1105, *cert. granted*, No. 26,685, 130 N.M. 154, 20 P.3d 811 (2001). Defendant filed a petition for a writ of certiorari to the New Mexico Court of Appeals with this Court under NMSA 1978, § 34–5–14(B) (1972) which we granted. Although Defendant raised six issues in his petition for writ of certiorari, only two issues, the general/specific statute rule and sufficiency of the evidence, were briefed. We consider the remaining issues to have been abandoned. *See State v. Clark*, 1999–NMSC–035, ¶ 3, 128 N.M. 119, 990 P.2d 793. We affirm his conviction.

## I. DISCUSSION

### A. General/Specific Statute Rule.

{2} We agree with the judgment of the Court of Appeals affirming Defendant's conviction. In this opinion, we address only the analysis under the general/specific statute rule of the two statutes in question. We do not mean to suggest any disapproval of the analysis, but only that the analysis is unnecessary because, as an initial issue, the Liquor Control Act does not apply to Defendant. The offense occurred on May 10, 1997; however, the language of Section 60–7B–1(A) of the Liquor Control Act upon which Defendant and the Court of Appeals relied was not added to the Liquor Control Act until July 1, 1998.

{3} Under the version of Section 60–7B–1 in effect on the date of the offense, the statute applied only to those persons "licensed pursuant to the provisions of the Liquor Control Act, or any employee, agent, or lessee of that person." NMSA 1978, § 60–7B–1(A) (1993, prior to 1998 amendments). At the time of the offense, Defendant could not have been charged with a violation of the Liquor Control Act for the crime of selling or giving alcoholic beverages to a minor. In his reply brief, Defendant acknowledges that the earlier version of the statute would not have applied to him: "The Legislature altered the 1993 statute which clearly and succinctly read in a way which would not include the defendant...."

{4} Generally, a statute is applied prospectively unless the legislature has made clear its intention to apply it retroactively. *State v. Padilla*, 78 N.M. 702, 703, 437 P.2d 163, 164 (Ct.App.1968) (relying upon the principles of statutory construction for the presumption that statutes operate prospectively only, unless the legislature clearly intended to give them retrospective application); 2 Norman J. Singer, *Sutherland Statutory Construction* § 41.4 (6th ed.2001); *cf. USLife Title Ins. Co. v. Romero*, 98 N.M. 699, 703, 652 P.2d 249, 253 (Ct.App.1982) (holding that where a case is pending when an amended statute is enacted, the old statute applies to the case). There is no language in the 1998 amendment to the Liquor Control Act expressing a legislative intention to apply the amendment to the statute retroactively.

### B. Sufficiency of the Evidence.

{5} We have reviewed the record and arguments of counsel regarding Defendant's sufficiency of the evidence claim. We review this claim under a substantial evidence standard of review. *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). "[T]he relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Garcia*, 114 N.M. 269, 274, 837 P.2d 862, 867 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)) (alteration in original). In evaluating the sufficiency of evidence in a criminal case, we view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all permissible inferences to uphold the conviction, and disregarding all evidence and inferences to the

contrary. *State v. Rojo*, 1999–NMSC–001, ¶ 19, 126 N.M. 438, 971 P.2d 829. In making this determination, the Court does not substitute its judgment for that of the factfinder, nor does it reweigh the evidence. *State v. Hernandez*, 115 N.M. 6, 26, 846 P.2d 312, 332 (1993). The evidence presented in this case supports Defendant's conviction for contributing to the delinquency of a minor.

## II. CONCLUSION

{6} We affirm Defendant's conviction for contributing to the delinquency of a minor. The section of the Court of Appeals' opinion that discusses the general/specific statute rule, *see Perea*, 2001–NMCA–002, ¶¶ 7–19, is vacated because the Liquor Control Act is inapplicable to Defendant's case.

{7} **IT IS SO ORDERED.**

PATRICIO M. SERNA, Chief Justice, and JOSEPH F. BACA, PAMELA B. MINZNER, and PETRA JIMENEZ MAES, JJ., concur.