This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                                      **NO. 29,925**

**FERNANDO PENA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant-Appellant Fernando Pena (Defendant) appeals his conviction for battery. We issued a notice of proposed summary disposition, proposing to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

In his memorandum in opposition, Defendant continues to argue that his conviction is unsupported by the evidence. [MIO 2-4]

"In evaluating the sufficiency of evidence in a criminal case, we view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all permissible inferences to uphold the conviction, and disregarding all evidence and inferences to the contrary." *State v. Perea*, 2001-NMSC-026, ¶ 5, 130 N.M. 732, 31 P.3d 1006.

To very briefly summarize the evidence in light of the applicable standard, Cesar Gutierrez testified that Defendant approached him in an aggressive manner, stomped on his foot and then punched him. [RP 142-146] Mr. Gutierrez further explained that he had not welcomed the encounter in any way; rather, he had clearly indicated that he did not wish to confront Defendant. [MIO 1; RP 142] As we observed in our notice of proposed summary disposition, this testimony is sufficient to uphold Defendant's conviction. *See generally State v. Soliz*, 80 N.M. 297, 454 P.2d

780 (Ct. App.1969) (holding that the testimony of a single witness is sufficient to support a conviction).

In his memorandum in opposition, Defendant contends that the evidence was equally consistent with innocence, insofar as testimony was presented suggesting that he and Mr. Gutierrez had engaged in "mutual combat." [MIO 4] However, the New Mexico Supreme Court has specifically disavowed this approach to the review of evidence, *see State v. Huber*, 2006-NMCA-087, ¶ 12, 140 N.M. 147, 140 P.3d 1096, having deemed it "unproductive to try to formulate a standard of appellate review in terms of a hypothesis of innocence, because inevitably it appears to intrude upon the role of the [jury]." *State v. Garcia*, 2005-NMSC-017, ¶ 20, 138 N.M. 1, 116 P.3d 72.

As previously stated, we must view the evidence in the light most favorable to the verdict, *disregarding all evidence and inferences to the contrary. See Perea*, 2001-NMSC-026, ¶ 5. Applying this standard, the conviction was adequately supported, notwithstanding conflicting evidence presented by the defense. [MIO 2, 4] *See generally State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (filed 1998) (observing that "the jury is free to reject Defendant's version of the facts").

Accordingly, for the reasons stated above and in our notice of proposed summary disposition, Defendant's conviction is AFFIRMED.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**LINDA M. VANZI, Judge**