This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                    **No. 31,652**

**CRAIG PLYER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
Neil C. Candelaria, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Chief Public Defender
Santa Fe, NM

Sergio J. Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals his bench trial convictions for DWI (first offense), no proof of registration, no proof of insurance, and red light violation. Our notice proposed to affirm, and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments, and therefore affirm.

Defendant continues to argue that the evidence was insufficient to support his conviction for DWI (first offense). [DS 12] Defendant was convicted of DWI pursuant to that portion of the statute that prohibits driving while impaired to the slightest degree. *See* NMSA 1978, § 66-8-102(B) (2010). As detailed in our notice, the following evidence was presented: Defendant ran a red light [MIO 1]; the officer detected an odor of marijuana emitting from Defendant's vehicle and person [MIO 1-2; DS 2; RP 74]; Defendant admitted to smoking marijuana earlier in the day [MIO 2-3]; Defendant failed to successfully complete field sobriety tests [MIO 3-4]; and Defendant's blood test showed the presence of marijuana metabolite. [MIO 6-7] We hold that this evidence was sufficient to support Defendant's conviction. *See State v. Sparks*, 102 N.M. 317, 320, 694 P.2d 1382, 1385 (Ct. App. 1985) (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction); *State v. Gutierrez*, 1996-NMCA-001, ¶ 4, 121 N.M. 191, 909 P.2d 751 (upholding a DWI conviction based on behavior evidence when the

defendant smelled of alcohol, had bloodshot and watery eyes, failed field sobriety tests, admitted to drinking alcohol, and the defendant's vehicle was weaving into other traffic lanes).

We acknowledge Defendant's assertion that there is no evidence that his marijuana usage, including the level of marijuana in his blood [MIO 15], was connected to his impaired and unsafe driving. [MIO 8, 15-16] We disagree, however, because beyond the "mere presence of THC in the blood" [MIO 16], the evidence – such as Defendant's failure to successfully perform the field sobriety tests and his running of a red light – provided the fact-finder with a reasonable basis to conclude that Defendant was incapable of safely driving his vehicle. [MIO 16] *See State v. Dutchover*, 85 N.M. 72, 73, 509 P.2d 264, 265 (Ct. App. 1973) (observing that DUI may be established through evidence that the defendant's ability to drive was impaired to the slightest degree). Although Defendant asserts that the evidence regarding the red light was equivocal – namely, that he had a problem with his vehicle's brakes and that the light was yellow when he entered the intersection [MIO 10] – it was within the fact-finder's prerogative to reject Defendant's version of the events. *See State v. Foxen*, 2001-NMCA-061, ¶ 17, 130 N.M. 670, 29 P.3d 1071 (observing that the fact finder is "not obligated to believe Defendant's testimony, to disbelieve or discount conflicting testimony, or to adopt Defendant's view.").

We recognize also Defendant's continued argument that countervailing considerations undermined the sufficiency of the evidence. In this regard, Defendant points out that Deputy Martinez did not rely on his narcotics canine [MIO 2]; that Deputy Martinez did not notice bloodshot watery eyes, slurred speech, or any other signs of impairment [MIO 2]; and that no marijuana was found on Defendant's person. [MIO 5] Again, these were matters for the fact-finder to assess in weighing the evidence. *Id*. Moreover, Defendant's assertion that the evidence was "equally consistent" with a hypothesis of innocence [MIO 8] is similarly unavailing because, by convicting Defendant, the fact-finder necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence. *See State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 ("When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the [fact-finder] has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence.").

Nor do we agree with Defendant's continued argument that the field sobriety tests are not probative of impairment, because the tests were designed to correlate with specific blood alcohol concentrations. [MIO 11] As provided in our notice, evidence of Defendant's unsatisfactory performance on the field sobriety tests was presented

to illustrate his apparent inability to follow directions, maintain balance, and perform other simple tasks. These are commonly understood features of intoxication that are probative of impairment. *See, e.g, State v. Neal*, 2008-NMCA-008, ¶ 29, 143 N.M. 341, 176 P.3d 330 (observing that the subject's unsatisfactory performance on field sobriety testing, including his failure to follow instructions and lack of balance, constituted signs of intoxication which supported his conviction for driving under the influence of intoxicating liquor). And other evidence – the smell of marijuana, Defendant's admission to smoking marijuana, and Defendant's blood test results – provided the fact-finder with evidence of the particular substance, marijuana, which the fact-finder could reasonably conclude led to Defendant's impairment and resultant difficulty performing the field sobriety tests. While typically field sobriety tests are used to identify alcohol impairment [MIO 12], case law recognizes that their use is not limited to alcohol impairment. *See State v. Randy J.*, 2011-NMCA-105, ¶ 34, 150 N.M. 683, 265 P.3d 734 (stating that "administration of field sobriety tests is a reasonable part of an investigation where the officer has reasonable suspicion that the person was driving under the influence of alcohol *or drugs*" (emphasis added)).

Further, although Deputy Campos did not conduct a "DRE (drug recognition expert) investigation" [DS 4, 10, 14], Defendant refers to no authority for the proposition that a DRE is required to establish a DWI based on drugs. *See In re*

*Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (providing that a party must cite legal authority in support of an argument). Defendant has not convinced us that expert testimony was required to establish that his ability to operate his motor vehicle was impaired due to marijuana use. *See State v. Torres*, 1999-NMSC-010, ¶ 31, 127 N.M. 20, 976 P.2d 20 (recognizing that most field sobriety tests are self-explanatory and address commonly understood signs of intoxication); *State v. Baldwin*, 2001-NMCA-063, ¶ 16, 130 N.M. 705, 30 P.3d 394 (stating that fact-finders may draw on their life experiences and understanding of human behavior during a state of intoxication to draw reasonable inferences). Rather, the significance of the lack of a DRE, if any, was a matter of weight for the fact-finder to assess. *See generally State v. Perea*, 2001-NMSC-026, ¶ 5, 130 N.M. 732, 31 P.3d 1006 (recognizing that the reviewing court does not substitute its judgment for that of the fact-finder, nor does it re-weigh the evidence).

Lastly, for the same reasons discussed in detail in our notice, we conclude that any challenge Defendant has to the chain of custody to the blood tests [DS 8], as well as to the foundation for the blood test results [DS 9], is without merit. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

To conclude, for the reasons set forth herein and in our notice, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**J. MILES HANISEE,  Judge**