This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v. NO. A-1-CA-36406

**ROBERT DEAGUERO,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Jennifer L. Attrep, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Robert Deaguero (Defendant) appeals from his conviction for aggravated driving while under the influence of intoxicating liquor or drugs (1st offense),

contrary to NMSA 1978, Section 66-8-102 (2010, amended 2013). In response to Defendant's docketing statement, we proposed to affirm. Defendant has filed a memorandum in opposition (MIO). After due consideration, we are unpersuaded and therefore affirm Defendant's conviction.

{2}     To the extent possible, we will avoid repetition here of pertinent background and analytical principles set forth in our calendar notice. Instead, we will focus on Defendant's MIO. Defendant revisits the three arguments raised in his docketing statement.

**Speedy Trial**

{3}     Defendant first contends that his right to a speedy trial was violated, contrary to our proposed disposition. [MIO 3] In our calendar notice, we observed just one assertion by Defendant of his speedy trial right, made while the case was still in magistrate court. Defendant has not challenged that fact. [MIO 7] Accordingly, we conclude that the factor that measures the timeliness and vigor of Defendant's assertion of the speedy trial right weighs only slightly in his favor. *See State v. Garza*, 2009-NMSC-038, ¶ 34, 146 N.M. 499, 212 P.3d 387 (weighing slightly in the defendant's favor a single, pro forma, demand for a speedy trial prior to a motion to dismiss for violation of the defendant's right to a speedy trial).

{4}     Defendant now contends that he suffered prejudice because he retired early from his job as a consequence of the absences he incurred to attend multiple hearings.

2

[MIO 2, 4] Defendant further contends that he suffered prejudice because he was subject to conditions of release that resulted in loss of liberty and the opportunity to work and caused him great anxiety and concern. [MIO 8-9] We view Defendant's contention that the delay caused him to retire early as speculative in the absence of further information. Defendant has not explained any connection between taking time off work to attend hearings and retirement, therefore we do not credit that assertion as a showing of particularized prejudice. *See State v. Ochoa*, 2017-NMSC-031, ¶ 53, 406 P.3d 505 ("Generally, mere allegations are insufficient to prove prejudice."); *Garza*, 2009-NMSC-038, ¶ 35 (stating that the burden of showing prejudice lies with the individual claiming a speedy trial violation and the "mere possibility of prejudice is not sufficient to support" such a claim (internal quotation marks and citation omitted)); *State v. Gallegos*, 2016-NMCA-076, ¶ 29, 387 P.3d 296 (stating that the defendant's contentions of prejudice were undeveloped and lacked explanatory detail, and, accordingly, were not cognizable within the *Barker* framework).

{5}    We turn to Defendant's generalized assertion of prejudice in the form of anxiety, concern, and restrictions to his liberty and opportunity to work from the conditions of pre-trial release. First, we note that, although anxiety-related prejudice is recognized under our speedy trial analysis, it is somewhat remote from the heart of the prejudice that the right to a speedy trial is intended to protect. *See Garza*, 2009-NMSC-038, ¶¶ 35-36 (noting that minimizing anxiety and concern of the accused is

3

one of three types of *Barker*-recognized prejudice, but also stating that impairment of the defense is the most serious of the three). Because "some degree of anxiety is inherent for every defendant awaiting trial[,] . . . we weigh this factor in the defendant's favor only where the anxiety suffered is undue." *State v. Montoya*, 2015-NMCA-056, ¶ 25, 348 P.3d 1057 (omissions, internal quotation marks, and citations omitted). Here, Defendant's limited contentions are bare; he does not demonstrate that his contentions are more than allegations. *Compare* MIO 8-9 ("In this case, [Defendant] was subject to conditions of release, and required to appear regularly in court, resulting in his loss of liberty and the opportunity to work, and causing him great anxiety and concern."), *with State v. Vigil-Giron*, 2014-NMCA-069, ¶¶ 54-55, 327 P.3d 1129 (affirming a finding of the district court that the defendant suffered undue prejudice where she provided an affidavit, medical records, and testimony establishing that she suffered from extreme stress that exacerbated her medical conditions, loss of employment, continued inability to find work, and public humiliation). In sum, given the lack of detail provided to substantiate Defendant's assertions of prejudice, we conclude that Defendant has not shown particularized prejudice. *See Gallegos*, 2016-NMSC-076, ¶¶ 8, 29 (stating that failure to explain and substantiate contentions of prejudice due to anxiety and concern suffered under conditions of release during two-and-one-half years of pretrial delay in a simple case prevented this Court from holding that the defendant suffered prejudice).

**{6}** As correctly pointed out by Defendant, the *Barker/Garza* test requires a "difficult and sensitive balancing process" that is, in effect, the prism through which we analyze a defendant's constitutionally protected interest in a speedy trial. [MIO 4-5] *Barker v. Wingo*, 407 U.S. 514, 533 (1972). In this case, Defendant has not demonstrated particularized prejudice and the assertion of his speedy trial right weighs only slightly in his favor. Even if the other two Barker factors weigh heavily in Defendant's favor, our case law provides that Defendant's constitutional right to a speedy trial was not violated. *See State v. Samora*, 2016-NMSC-031, ¶ 23, 387 P.3d 230 ("To find a speedy trial violation without a showing of actual prejudice, the Court must find that the three other *Barker* factors weigh heavily against the [s]tate."). In addition, for reasons explained below, we observe that the reasons for delay also do not weigh heavily in Defendant's favor.

**{7}** Defendant's speedy trial motion was filed after approximately twenty-one months, [MIO 1-2; RP 34] and the trial took place approximately twenty-three months after the criminal complaint was originally filed in magistrate court [*Compare* 2/9/2015 Criminal Complaint, M-43-DR-2015-00030, *with* RP 110 (1/11/2017 Jury Verdict)]. Defendant does not contend that there was any intentional or bad faith delay, instead stating that there was administrative delay [MIO 6-7], which is weighed more lightly than deliberate delay. *See Garza*, 2009-NMSC-038, ¶¶ 26-27. Three days before jury selection was originally scheduled, Defendant filed a combined motion to

suppress all evidence and dismiss all charges. [RP 9-11(Defendant's motion, filed on January 22, 2016); RP 6 (scheduling jury selection for January 25, 2016)] This Court has held that six months is a "reasonable" amount of time to allow a district court to adjudicate a motion filed by a defendant, and, given that Rule 5-601(F) NMRA allows the district court a "reasonable" amount of time to dispose of pretrial motions, reduced the amount of administrative delay by that amount where the defendant filed a motion that was adjudicated approximately twenty-two months after it was filed. *Vigil-Giron*, 2014-NMCA-069, ¶¶ 23, 34, 36. Under the circumstances of this case—where Defendant filed a dispositive motion just prior to the originally scheduled trial in district court—we will weigh six months of the delay as neutral rather than as administrative. We also weigh neutrally the first eleven months of delay leading up to the combined motion to suppress and dismiss filed in district court by Defendant. A complaint against Defendant was originally filed on February 9, 2015, in magistrate court. [2/9/2016 Criminal Complaint, M-43-DR-2015-00030] Defendant filed a motion to suppress in magistrate court on June 23, 2015, [6/23/2015 Defendant's Motion to Suppress, M-43-DR-2015-00030] which the record suggests was granted that day [RP 60 ¶ 3]. On June 26, 2015, the State chose to dismiss the case from magistrate court [6/26/2015 Notice of Dismissal, M-43-DR-2015-00030] and re-filed the case in district court on July 6, 2015 [RP 1]. The trial in district court was originally scheduled for January 31, 2016, [RP 6] less than one year from the original

6

filing of the case in magistrate court, and approximately seven months after the case was re-filed in district court. Upon review of the record, we conclude that from the time the complaint was filed in magistrate court on February 9, 2015, until Defendant filed his combined motion to suppress and dismiss nine days before the trial was scheduled to take place, the case was progressing in a normal fashion. *Cf. Garza*, 2009-NMSC-038, ¶ 47 (stating that delay of up to one year is not presumptively prejudicial for a simple case). Accordingly, we conclude that the approximately eleven months between the time the case was originally filed in February 2015, and January 2016 should be weighed neutrally. *See Gallegos*, 2016-NMCA-076, ¶ 11 (weighing neutrally a period of delay when the case was "proceeding more or less normally"). In sum, we weigh neutrally approximately seventeen months of delay, leaving approximately six months of administrative delay to be weighed against the State. We do not weigh six months of administrative delay heavily in favor of Defendant. *See id.* ¶¶ 8, 34 (holding, in a simple case, that "fourteen months and three weeks of negligent and administrative delay" did not weigh heavily in the defendant's favor). Thus, at least two of the three *Barker* factors other than prejudice to the defendant do not weigh heavily in his favor. Accordingly, for the reasons stated in our calendar notice and here, and following our binding precedent, we hold that Defendant's constitutional right to a speedy trial was not violated. *See Samora*, 2016-NMSC-031,

¶ 23 ("To find a speedy trial violation without a showing of actual prejudice, the Court must find that the three other *Barker* factors weigh heavily against the [s]tate.").

**Suppression of Evidence**

{8}     Defendant also disagrees with our proposed affirmance of the district court's denial of Defendant's motion to suppress. [MIO 10] Defendant argues that, under the circumstances of this case, we should hold that the warrantless seizure violated the Fourth Amendment of the United States Constitution and, in order to reach that holding, we should abandon our reliance on *State v. Slayton*, 2009-NMSC-054, 147 N.M. 340, 223 P.3d 337. We decline to revisit the analysis of our Supreme Court in *Slayton*, *see Alexander v. Delgado*, 1973-NMSC-030, ¶¶ 9-10, 84 N.M. 717, 507 P.2d 778 (stating that this Court must follow the precedents of our Supreme Court), and, for the reasons stated in our calendar notice and here, we affirm the district court's denial of Defendant's motion to suppress.

**Sufficiency of the Evidence**

{9}     Defendant revisits his argument that the evidence was insufficient to support his conviction, asking that we discount the credibility of the testimony of one of the officers that was acting extra-jurisdictionally and also that we hold that the jury gave insufficient deference to the possibility that Defendant became intoxicated in the car only after the traffic stop. [MIO 11] We will not re-weigh the evidence or substitute

8

our judgment for that of the jury. *See State v. Perea*, 2001-NMSC-026, ¶ 5, 130 N.M. 732, 31 P.3d 1006 (stating that an appellate court "does not substitute its judgment for that of the factfinder, nor does it reweigh the evidence"). Accordingly, for the reasons stated here and in our calendar notice, we hold that the evidence was sufficient to support Defendant's conviction.

**{10}**    For the reasons stated, the district court's decision is affirmed.

**{11}**    **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**M. MONICA ZAMORA, Judge**