STATE V. LEWIS

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**THOMAS JEFFERY LEWIS,**
**Defendant-Appellant.**

Docket No. A-1-CA-37686
COURT OF APPEALS OF NEW MEXICO
March 6, 2019

APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY, Angie K. Schneider, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellant.

Bennett J. Baur, Chief Public Defender, Will O'Connell, Assistant Appellate Defender, Santa Fe, NM, for Appellee.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: J. MILES HANISEE, Judge, MEGAN P. DUFFY, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant has appealed from a conviction for criminal damage to property. We previously issued a notice of proposed summary disposition in which we proposed to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** Defendant has raised one issue, challenging the sufficiency of the evidence to support his conviction. [DS 7; MIO 2-5] However, as previously described at greater length in the notice of proposed summary disposition, [CN 2-4] the State presented evidence that Defendant concluded a hostile confrontation with another individual by deliberately ramming his vehicle into the other person's parked vehicle, causing extensive damage which would cost in excess of $10,000 to repair. [DS 4-5; RP 178-79] This is sufficient to support the conviction. *See, e.g., State v. Dickert*, 2012-NMCA-004, ¶¶ 39-40, 268 P.3d 515 (holding that eyewitness testimony that the defendant deliberately damaged the witness's vehicle, together with the witness's testimony concerning the dollar-value of the damage caused, was sufficient to support a conviction for criminal damage to property).

**{3}** In his memorandum in opposition Defendant invites the Court to re-weigh the evidence, arguing that the State's witnesses were not credible and that the circumstantial evidence of his own intent was not compelling. [MIO 3] However, in light of the standard of review, we must decline the invitation. *See State v. Perea*, 2001-NMSC-026, ¶ 5, 130 N.M. 732, 31 P.3d 1006 ("In evaluating the sufficiency of evidence in a criminal case, we view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all permissible inferences to uphold the conviction, and disregarding all evidence and inferences to the contrary . . . the Court does not substitute its judgment for that of the fact[-]finder, nor does it reweigh the evidence."); *State v. McGhee*, 1985-NMSC-047, ¶ 17, 103 N.M. 100, 703 P.2d 877 ("[T]he weight and effect of the evidence, including all reasonable inferences to be drawn from both the direct and circumstantial evidence is a matter reserved for determination by the trier of fact."); *see also State v. James*, 1989-NMCA-089, ¶ 11, 109 N.M. 278, 784 P.2d 1021 ("The question is not whether substantial evidence would have supported an opposite result but whether such evidence supports the result reached.").

**{4}** Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

**{5}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MEGAN P. DUFFY, Judge**