This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: January 16, 2024**

**NO. S-1-SC-38438**

**STATE OF NEW MEXICO,**

Plaintiff-Petitioner/Cross-Respondent,

v.

**JACOB "JAKE" DURAN,**

Defendant-Respondent/Cross-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Stanley Whitaker, District Judge**

Raúl Torrez, Attorney General
Van Snow, Assistant Attorney General
Albuquerque, NM

for Petitioner/Cross-Respondent

Davis Law New Mexico
Nicholas T. Davis
Albuquerque, NM

for Respondent/Cross-Petitioner

The Law Office of Jamison Barkley, LLC
Jamison Barkley
Santa Fe, NM

Angelica Hall
Albuquerque, NM

for Amici Curiae-New Mexico Criminal Defense Lawyers Association

**DISPOSITIONAL ORDER OF REMAND**

**PER CURIAM.**

**{1}**     This matter having come before the Court pursuant to Rule 12-502 NMRA, the Court having read the briefs of the parties, and otherwise having been fully informed on the issues and applicable law;

**{2}**     The Court having concurred that there is no reasonable likelihood that a written decision or opinion would affect the disposition of this appeal or advance the law of the state and that the Court may exercise discretion under Rule 12-405(B) NMRA to dispose of a case by nonprecedential order;

**{3}**     The Court of Appeals having reversed the district court's denial of Jacob Duran's motion for post-conviction relief pursuant to NMSA 1978, Section 31-1A-2(I) (2019)[1] of the Procedures for Post-Conviction Consideration of DNA Evidence and also having held that the district court did not fundamentally err by prohibiting Duran from introducing non-DNA related evidence in the form of new expert testimony at his Section 31-1A-2(I) hearing, *State v. Duran*, A-1-CA-37360, mem. op. (N.M. Ct. App. June 22, 2020) (nonprecedential);

**{4}**     The State having advanced these questions presented in its petition for writ of certiorari:

    (1)     Whether the Court of Appeals erred when it relied on the newly announced standard from *State v. Gregory Marvin Hobbs*, A-1-CA-37477 (June 16, 2020) (petition for certiorari filed on August 7, 2020) for granting a petitioner relief under the post-conviction DNA statute . . . when it remanded to the district court because the *Hobbs'* decision is contrary to the plain meaning of the statute.

    (2)     Whether the Court of Appeals erred by remanding when the essential facts upon which this case will be resolved were already in the record;

**{5}**     Duran having advanced these questions in his cross-petition for writ of certiorari:

    (1)     Whether the Court of Appeals correctly stated the standard for exculpatory evidence under the DNA testing statute . . . , but in the fourth prong of its standard, erred by inserting an additional hurdle to the remedy beyond what is provided by statute?

---

[1]Section 31-1A-2 was amended in 2019, after the district court proceedings. See 2019 N.M. Laws, ch. 211, § 4. Among other things, the amendments inserted a new subsection (C) and renumbered the rest of the statute, including the subsections at issue in this appeal. See id. The amendments do not affect our analysis so for ease of reference, we cite to the current version of the statute throughout this order.

(2) Whether the Court of Appeals erred in its denial of Defendant's claim for a 5th Amendment violation of his right to Due Process; and

**{6}** This Court having granted both petitions and held the matter in abeyance pending the Court's disposition in *State v. Hobbs*, 2022-NMSC-018, 518 P.3d 489;

**IT IS THEREFORE ADJUDGED THAT:**

**{7}** In *Hobbs*, we resolved the first question presented by the State and by Duran as we determined that the Court of Appeals did not apply the correct standard for determining whether to grant relief under the post-conviction DNA statute, § 31-1A-2(I).

**{8}** Duran's Fifth Amendment due process challenge to the district court's refusal to allow him to put on non-DNA related evidence in the form of new expert witness testimony at the Section 31-1A-2(I) hearing has been abandoned, as there was no discussion of this issue in his briefs. *State v. Perea*, 2001-NMSC-026, ¶ 1, 130 N.M. 732, 31 P.3d 1006 (noting that issues not briefed considered abandoned); *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (noting that the Court will not review unclear, inadequately briefed arguments, or guess at what a party's arguments might be).

**{9}** In 1987, Duran was convicted of first-degree murder and armed robbery with a firearm enhancement. He was sentenced to life imprisonment plus an additional ten years to be served consecutively. In 2015, he successfully petitioned for DNA testing of biological material from his 1987 trial pursuant to Section 31-1A-2, and sought post-conviction relief pursuant to Section 31-1A-2(I) based on the DNA test results.

**{10}** The district court's authority to award post-conviction relief is governed by Section 31-1A-2(I), which states: "If the results of the DNA testing are exculpatory, the district court may set aside the petitioner's judgment and sentence, may dismiss the charges against the petitioner with prejudice, may grant the petitioner a new trial or may order other appropriate relief." Whether DNA testing results are exculpatory is an inquiry distinct from the relief the district court may order if they are found to be so. *Hobbs,* 2022-NMSC-018, ¶ 26. DNA evidence resulting from a Section 31-1A-2 proceeding is exculpatory when it tends to establish innocence or negate guilt. *Hobbs*, 2022-NMSC-018, ¶ 22. The DNA evidence that forms the basis of Duran's request for relief under Section 31-1A-2(I) is exculpatory, which is conceded by the State.

**{11}** A threshold determination that the DNA evidence is exculpatory allows the district court to consider the essential question of whether to grant relief, which is determined under the standard that applies to the particular form of relief at issue. *Hobbs*, 2022-NMSC-018, ¶ 27. Duran sought a new trial based on newly-discovered evidence resulting from the DNA testing.

> To order a new trial based on newly-discovered evidence, the evidence must satisfy these requirements:

(1)     it will probably change the result if a new trial is granted;

(2)     it must have been discovered since the trial;

(3)     it could not have been discovered before the trial by the exercise of due diligence;

(4)     it must be material;

(5)     it must not be merely cumulative; and

(6)     it must not be merely impeaching or contradictory.

*Hobbs*, 2022-NMSC-018, ¶ 31 (text only)2 (quoting *State v. Garcia*, 2005-NMSC-038, ¶ 8, 138 N.M. 659, 125 P.3d 638). The second and third requirements of the test are obviated for motions brought under Section 31-1A-2(I). *Id.*

**{12}** The district court did not have the benefit of appellate guidance when it denied Duran's request for a new trial based on the newly-discovered DNA evidence, and it conflated the threshold inquiry of whether the DNA evidence was exculpatory with the central question of whether post-conviction relief is appropriate. The district court relied on *Montoya v. Ulibarri*, 2007-NMSC-035, 142 N.M. 89, 163 P.3d 476, and erroneously applied the incorrect and more rigorous actual innocence standard in denying Duran's motion for new trial.

**{13}** When the district court erroneously tied the language of Section 31-1A-2(I) to actual innocence claims and reasoned that the DNA testing "does not implicate any other person in the crime or exculpate Petitioner," it applied a standard more rigorous than that required for a new trial based on newly-discovered evidence. This is an abuse of discretion. *Hobbs*, 2022-NMSC-018, ¶ 30 (the trial court abuses its discretion when it acts in an obviously erroneous manner).

**{14}** The new standard requires determinations on whether the DNA results will probably change the result of the trial and whether they are material and not merely cumulative, impeaching or contradictory. *Hobbs*, 2022-NMSC-018, ¶ 31. The State and Duran each ask us to hold in their favor based on the record below and in so doing, ask us to weigh and assess the newly-discovered evidence against the other evidence at trial. But the district court is naturally and peculiarly suited to weigh and assess the newly-discovered evidence against the other evidence at trial. *Hobbs*, 2022-NMSC-018 ¶ 30; *cf. State v. Juan*, 2010-NMSC-041, ¶ 33, 148 N.M. 747, 242 P.3d 314 (recognizing that the appellate court does not sit as trier of fact and will not reweigh evidence).

---

2"(Text only)" indicates the omission of nonessential punctuation marks—including internal quotation marks, ellipses, and brackets—that are present in the text of the quoted source, leaving the quoted text otherwise unchanged.

**{15}  NOW, THEREFORE,** Chief Justice C. Shannon Bacon, Justice Michael E. Vigil, Justice David K. Thomson, Justice Briana H. Zamora, and Chief Judge Angie K. Schneider, sitting by designation, affirm the Court of Appeals and remand the case to the district court for reconsideration of Duran's Section 31-1A-2(I) request for relief consistent with this order and with the analysis set forth in *State v. Hobbs*, 2022-NMSC-018.

**{16}  IT IS SO ORDERED.**

**C. SHANNON BACON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**DAVID K. THOMSON, Justice**

**BRIANA H. ZAMORA, Justice**

**ANGIE K. SCHNEIDER, Chief Judge**
**Sitting by designation**