2006-NMCA-031

130 P.3d 208

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Alonzo CLEMONTS, Defendant–Appellant.**

**No. 23,549.**

Court of Appeals of New Mexico.

Feb. 7, 2006.

Certiorari Denied, No. 29,675, March 9, 2006.

Patricia A. Madrid, Attorney General, Katherine Zinn, Assistant Attorney General, Santa Fe, NM, for Appellee.

John Bigelow, Chief Public Defender, Cordelia A. Friedman, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

ROBINSON, Judge.

{1} Alonzo Clemonts (Defendant) appeals his conviction of felony child abuse. His

conviction stems from a low-speed police chase. We sua sponte reviewed whether there was sufficient evidence to convict Defendant, and we hold that the evidence was insufficient to convict him of felony child abuse. Therefore, we do not address the issues on which Defendant seeks reversal, namely, application of the general/specific rule, denial of due process, and improper enhancement of his sentence.

## I. BACKGROUND

{2} On January 27, 2002, at approximately 10:23 p.m., Defendant was driving down Main Street in Farmington with three children in his car. Officer Glenn Mearls, relying on his radar, determined that Defendant was speeding by driving between sixty-eight and seventy-two miles per hour in a thirty-five mile-per-hour zone. Officer Mearls turned around to pursue Defendant. After following Defendant for about an eighth of a mile, Officer Mearls activated his emergency lights and siren. Defendant continued driving and entered a residential neighborhood. During his pursuit, Officer Mearls noticed that Defendant maintained a speed of thirty to thirty-five miles per hour. Officer Mearls also noticed that Defendant stopped at one red traffic signal and one stop sign, but failed to use his turn signal at one of those intersections and rolled through one stop sign without coming to a complete stop. Officer Mearls testified that Defendant maintained his car in his lane, but moved from side-to-side within that lane.

{3} Officer Dwayne Faverino was in the neighborhood, listening to his police radio, and heard Officer Mearls updating his efforts to get Defendant to stop for the speeding violation. Officer Faverino responded and attempted to block Defendant by placing his car perpendicular across the road in the intersection Defendant was approaching. When Defendant slowed down as he approached Officer Faverino's car, Officer Mearls approached Defendant's car from behind and placed his push bumper against Defendant's car, pushing it into Officer Faverino's car. Defendant stopped his car, placed it in park, got out of his car, and ran away, leaving the three children in the car.

Officers Mearls, Faverino, and Norwood pursued Defendant and Officer Mearls subdued him by striking him in the back of the head with the butt of his gun. After handcuffing Defendant, the officers took Defendant to the emergency room to be treated for the injury he suffered when Officer Mearls struck him.

{4} Officer Mearls thought that he smelled alcohol on Defendant's breath and tried to administer a breath alcohol test at the hospital, but Defendant refused the test and was charged with aggravated DWI. At all times, Defendant denied being under the influence of alcohol and was later acquitted of that charge.

{5} On July 12, 2002, the trial court filed a Notice of Trial for August 13, 2002. On August 5, 2002, the State filed a Supplemental State's Witness List, which listed six additional witnesses. On August 8, 2002, Defendant filed an objection to the late disclosure of the State's witnesses, claiming that the disclosure came less than a week before trial in violation of Rule–501(A)(5) and asked the trial court to bar the testimony of these witnesses, but the trial court declined to exclude the witnesses.

{6} At trial, Defendant tendered a jury instruction on child abandonment, which the trial court refused, but instead gave an instruction for felony abuse of a child to the jury. Defendant was convicted of four misdemeanor violations: (1) speeding; (2) resisting, evading, or obstructing an officer; (3) failure to use turn signals; and (4) failure to obey traffic control devices. Defendant was also convicted of felony abuse of a child, which did not result in death or great bodily injury.

{7} Following Defendant's convictions, the State pursued a habitual offender enhancement at a hearing where the evidence of Defendant's prior convictions were certified copies of judgments and sentences from other jurisdictions. These records were admitted under seal and no witnesses with firsthand knowledge identified Defendant as the prior offender on the out-of-state judgments and sentences. Defendant identified himself as Alonzo Fleming when he was taken into custody, and he did not have any identification on his person at that time. During his

booking, Defendant refused to identify himself. Consequently, Officer Mearls contacted the mother of one of the children that was left in Defendant's car and she identified Defendant as Alonzo Williamson. She explained that she had a child with him and that he was not from the area. She further explained that she had received letters from him while he was incarcerated in the Monroe County Jail in New York. Sergeant Anderson, a booking officer, contacted the Monroe County Jail, which revealed that Defendant's name was Alonzo Clemonts and that he had numerous felony convictions.

{8} The State connected the out-of-state records with Defendant using a fingerprint expert, who examined the prints associated with out-of-state records and the fingerprints taken from Defendant at the time of his booking in New Mexico. The expert declared that all of the prints were identical. Defendant was sentenced to three years, enhanced by four, totaling seven years.

## II. DISCUSSION

### A. STANDARD OF REVIEW

{9} Defendant's contention, that the underlying misdemeanors do not support a finding of felony child abuse, goes to the sufficiency of evidence. On a sufficiency of the evidence challenge, the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, a rational trier-of-fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Perea*, 2001–NMSC–026, ¶ 5, 130 N.M. 732, 31 P.3d 1006. The reviewing court does not weigh the evidence, or substitute its judgment for that of the fact finder, as long as there is sufficient evidence to support the verdict. *State v. Mora*, 1997–NMSC–060, ¶ 27, 124 N.M. 346, 950 P.2d 789.

### B. SUFFICIENT EVIDENCE OF FELONY ABUSE OF A CHILD

{10} We *sua sponte* raised the question whether there was sufficient evidence presented by the State to satisfy each element set forth in Jury Instruction No. 7 (felony child abuse) because the State's failure to come forward with substantial evidence of the crime charged implicates fundamental error and the fundamental rights of Defendant. *State v. Vallejos*, 2000–NMCA–075, ¶ 29, 129 N.M. 424, 9 P.3d 668. "[W]e have held that the question of sufficiency of the evidence to support a conviction may be raised for the first time on appeal." *State v. Stein*, 1999–NMCA–065, ¶ 9, 127 N.M. 362, 981 P.2d 295; *accord In re Gabriel M.*, 2002–NMCA–047, ¶¶ 9, 27, 132 N.M. 124, 45 P.3d 64. To insure a fully informed decision, we requested supplemental briefing by the parties.

{11} Defendant argues that none of the misdemeanor charges in this case can possibly support the jury verdict of felony child abuse. *See* § 30–6–1 (defining felony abuse of a child). We begin our review of the sufficiency of evidence to support Defendant's conviction with the elements of child abuse. The State had the burden of proving, beyond a reasonable doubt, that Defendant caused children under the age of eighteen, to be placed in a situation that may have endangered their life or health and did so with reckless disregard for the safety of the children. § 30–6–1(A)(3), (D)(1). Reckless disregard requires that Defendant "knew or should have known [his] conduct created a substantial and foreseeable risk, [he] disregarded that risk and [he] was wholly indifferent to the consequences of the conduct and to the welfare and safety" of the children. UJI 14–604 NMRA.

{12} The State, relying on *State v. Santillanes*, 2001–NMSC–018, 130 N.M. 464, 27 P.3d 456 (2001), *State v. Castañeda*, 2001–NMCA–052, 130 N.M. 679, 30 P.3d 368 (2001), and *State v. Guilez*, 2000–NMSC–020, 129 N.M. 240, 4 P.3d 1231 (2000), contends that "Defendant's cumulative acts of speeding and abruptly swerving such that he almost lost control of his vehicle, driving while intoxicated, and leading police on a low-speed vehicle chase through city streets while ignoring traffic laws, all acted to endanger the three children riding as passengers inside the vehicle." We are unpersuaded.

{13} The State correctly points out that our appellate courts have sustained convictions for felony child abuse where the underlying conduct was a misdemeanor. In *Gui-*

*lez,* 2000–NMSC–020, ¶ 25, our Supreme Court upheld the defendant's convictions for DWI, reckless driving, and child abuse, when his underlying conduct was that he drove at a speed of sixty-five to seventy-five miles per hour after dark without headlights or tail-lights and collided with a fence. He admitted to drinking beer. He smelled of alcohol, had bloodshot eyes, and failed the sobriety test. The child in the truck was unrestrained. Furthermore, in *Santillanes,* 2001–NMSC–018, ¶ 38, our Supreme Court upheld a conviction for criminally negligent child abuse when the defendant drove while intoxicated with her children in the car. Lastly, in *Castañeda,* 2001–NMCA–052, ¶ 22, this Court upheld a conviction for criminally negligent child abuse when the defendant drove while intoxicated on the wrong side of a divided highway with her unrestrained children in the car.

{14} This case is distinguishable from the above cases. Most notably, Defendant was acquitted of DWI. Evidence was presented that Defendant was speeding, but then slowed to thirty-five miles per hour and lawfully went through six intersections when he failed to stop for the police. During this time, the police observed that Defendant failed to use a turn signal on one turn and slowed, but did not come to a complete stop at a single stop sign, and that his car was drifting back and forth within its lane of travel. We note first that there is nothing unlawful in swaying within one's own lane. There was no evidence presented that the children were unrestrained. There was no evidence presented of the surrounding circumstances, i.e., the extent of Defendant's abrupt swerve, traffic congestion, or volume, that indicated that Defendant was wholly indifferent, or acted with a reckless disregard. When Officer Mearls ran after Defendant, he had his service revolver drawn, with his finger away from the trigger, and subdued Defendant by striking him on the back of his head with the butt of the drawn gun.

{15} However, this Court has explained that mere proximity to a dangerous situation is insufficient to support a conviction for child abuse. *See State v. Trujillo,* 2002–NMCA–100, ¶¶ 19–20, 132 N.M. 649, 53 P.3d 909 (holding that no "reasonable probability or possibility" of endangerment existed when a daughter, not in "direct line of danger," witnessed her father abusing her mother (internal quotation marks and citation omitted)). The Legislature did not intend to criminalize conduct creating "a mere possibility, however remote, that harm may result" to a child. *State v. Ungarten,* 115 N.M. 607, 609, 856 P.2d 569, 571 (Ct.App.1993). Rather, "[t]here must be a reasonable probability or possibility that the child will be endangered." *State v. McGruder,* 1997–NMSC–023, ¶ 37, 123 N.M. 302, 940 P.2d 150 (internal quotation marks and citation omitted). Lastly, in *State v. Roybal,* 115 N.M. 27, 34, 846 P.2d 333, 340 (Ct.App.1992), during a drug transaction, police officers, who apprehended the defendant and his co-defendants, were armed and one of the co-defendants resisted arrest. This Court held that there was insufficient evidence that the defendant's daughter was actually placed in danger when the child watched her parent conduct a drug transaction, while she sat in the defendant's car ten to fifteen feet away, even though drug transactions might be attended by violence. *Id.*

{16} Here, Defendant was acquitted of DWI and the misdemeanor traffic offenses he committed, either exclusively or in the aggregate, did not expose a substantial risk to the children's lives or health as passengers in Defendant's car. Furthermore, the possibility that the children could have been placed in the line of danger is lacking because, as in *Ungarten,* the mere possibility of harm is not enough to sustain a conviction of felony child abuse. Furthermore, in contrasting *Roybal,* the child in that case was more likely in the path of danger than the circumstances presented here because when Officer Mearls used his weapon to strike Defendant on the back of the head, he was in a foot pursuit, running away from the location of the children. Thus, as in *Roybal* and *Trujillo,* there was insufficient evidence to support a child abuse conviction because the children were not in the direct line of any danger. In *Santillanes, Castañeda,* and *Guilez,* the underlying offenses which supported the felony child abuse convictions

were DWI in all three cases and reckless driving, or unrestrained child, or vehicular homicide, none of which were present. There was evidence presented that Defendant never saw or acknowledged that he was being pursued. Lastly, though it was undisputed that Defendant was speeding, speed alone is insufficient to show reckless or wanton operation of a motor vehicle. *See State v. Hayes*, 77 N.M. 225, 421 P.2d 439 (1966); *see also Alford v. Drum*, 68 N.M. 298, 301, 361 P.2d 451, 452 (1961) (stating that "it is well established in this jurisdiction that speed alone, or speed accompanied by inadvertence, or speed accompanied by acts of mere negligence, as the term is ordinarily understood, does not meet the test of [a reckless disregard of the rights of others])."

{17} Accordingly, we find that, in light of Defendant's acquittal on the DWI charge and that there was no evidence presented that the children were endangered, the evidence in this case could not justify a finding by a rational trier-of-fact that Defendant showed a reckless disregard for the children in his car, or exposed them to a substantial risk to their safety, to sustain a conviction of felony child abuse. Since we find that there was insufficient evidence to find Defendant guilty of felony child abuse, we need not address the remaining issues raised by Defendant.

## III. CONCLUSION

{18} We hold that the evidence here was insufficient for a conviction of felony child abuse. We, therefore, reverse and remand with instructions to vacate Defendant's conviction for felony child abuse and enter an amended judgment and sentence.

{19} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN and MICHAEL E. VIGIL, Judges.