This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**

Plaintiff-Appellee,

v.                                             **No. 32,913**

**DAVID WARNER**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**William H. Brogan, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Kenneth H. Stalter, Assistant Attorney General
Albuquerque, NM

for Appellee

David Warner
Roswell, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Defendant David Warner was convicted on one count of no insurance, NMSA 1978, § 66-5-205 (1998, amended 2013); one count of failure to display registration

plate, NMSA 1978, § 66-3-18(C) (2007); and one count of speeding, NMSA 1978, § 66-7-301 (2002). He appeals his sentence as to Counts 1 and 2. We affirm.

**BACKGROUND**

{2}     A jury found Defendant guilty of three misdemeanor counts on March 20, 2013: Count 1, no insurance; Count 2, failure to display registration plate; and Count 3, speeding. The district court sentenced Defendant to 90 days and a $300 fine for each of Counts 1 and 2; these sentences were to be suspended in their entirety and to run concurrently. The court then amended the judgment and sentence (J&S), limiting the sentence for Count 1 to the fine only. Defendant appealed, but immediately began serving his term of probation. He has since completed that term successfully.

{3}     Defendant argues that his sentence was illegal as to the probation he served and that his completion of that probation makes nullifying the otherwise valid portion of the sentence—the $300 fine—the only remedy.

**DISCUSSION**

**A.     Issues Not Argued on Appeal Are Abandoned**

{4}     Defendant's docketing statement alleged that insufficient evidence existed to convict him on Count 1, no insurance, but, in his brief-in-chief, Defendant concedes that he "waived" any arguments not related to the illegality of his sentences due to "time constraints." Typically, issues not briefed on appeal are abandoned. *Roselli v.*

*Rio Cmtys. Serv. Station, Inc.*, 1990-NMSC-018, ¶ 10, 109 N.M. 509, 787 P.2d 428. This rule extends to matters raised in the docketing statement, classifying them as abandoned if they are not raised again in the briefs on appeal and supported with citations to appropriate authority. *Hopkins v. Guin*, 1986-NMCA-097, ¶ 27, 105 N.M. 459, 734 P.2d 237.

{5} We may review certain claims *sua sponte,* even if abandoned. *State v. Clemonts*, 2006-NMCA-031, ¶ 1, 139 N.M. 147, 130 P.3d 208; *State v. Maes*, 2003-NMCA-054, ¶ 5, 133 N.M. 536, 65 P.3d 584. We will undertake such review when the fundamental rights of the defendant are at issue. *Clemonts*, 2006-NMCA-031, ¶ 10. That is not the case here. Those issues not argued on appeal are thus abandoned.

**B.     Defendant's Claims of Illegal Sentence Are Moot**

{6}     Before assessing the merits of Defendant's claim that his sentences for Count 1, no insurance, and Count 2, failure to display registration, are illegal, we consider the State's argument that such arguments are moot. In general, an appeal is moot when "no actual controversy exists, and an appellate ruling will not grant the appellant any actual relief." *State v. Sergio B.*, 2002-NMCA-070, ¶ 9, 132 N.M. 375, 48 P.3d 764. Moreover, an appeal by a defendant who has already completed serving his sentence is moot unless he can show that he suffers from collateral consequences as a result of the error. *State v. Wilson*, 2005-NMCA-130, ¶ 14, 138 N.M. 551, 123 P.3d 784. In this

case, as the State notes, Defendant "faces no further liability or consequence under the trial court's final order." We therefore hold that Defendant's arguments as to sentencing are moot.

{7}     Defendant claims that the J&S imposed a $300 fine and a 90-day suspended sentence each for both Counts 1 and 2. He argues "[t]his sentence [was] illegal in its entirety, as Count 2 is a specific penalty 'penalty assessment misdemeanor' with no statutory provision for any period of incarceration, suspended or otherwise." *See* NMSA 1978, § 66-8-117 (1990) (defining "penalty assessment" misdemeanors as those misdemeanors for which a financial "penalty" is assessed, as distinct from those for which incarceration is permitted). Defendant asserts he "challenged the legality of the J&S at the sentencing hearing below, with no effect[.]" The record indicates that Defendant did indeed challenge the sentence, but for Count 1, no insurance, and not for Count 2, failure to display registration. The record also shows that the sentencing judge agreed with Defendant and amended the J&S as to Count 1. The sentence for Count 1 was consequently reduced to solely the $300 fine, the proper penalty under the statute at that time. Section 66-5-205(E).

{8}     Defendant was sentenced to 90 days' incarceration and a $300 fine for Count 2, failure to display registration. Defendant did not protest this sentence, which was valid under the statute. Section 66-3-18(C). The district court suspended the "entire

4

sentences" for both Counts 1 and 2, placing Defendant on probation. Probation was not stayed during the course of his appeal, and he had therefore already completed his sentence successfully by June 18, 2013. Defendant argues that the State has provided no proof that he has successfully completed probation "except the passing of the 90 days with no subsequent violations," but he himself has admitted that the probation was indeed completed without issue.

{9} Because the fine for both counts was suspended, Defendant suffers no further consequences now that he has completed his probation. We can offer him no relief for the probation he has already completed, so no apparent remedy is available, whether his sentence was illegal or not; he has been satisfactorily discharged and is no longer subject to motions to revoke or other complications stemming from the possible error. *See State v. Lara*, 2000-NMCA-073, ¶ 8, 129 N.M. 391, 9 P.3d 74 (stating that no order for unsatisfactory discharge can be entered after probation has ended without any revocation attempts). He argues that the $300 fine, though itself validly imposed, should be "nullified" as a remedy for the illegal imposition of the 90-day suspended sentence. As the State observes, however, that fine has been suspended in its entirety and cannot be reimposed now that Defendant has successfully completed his sentence.

{10} Defendant argues that he suffered adverse collateral consequences in that his "movements were severely restricted and limited by being placed on probation"; he

was unable to leave the county or "go hunting with his family[.]" To defeat mootness, however, there must be "*continuing* collateral consequences," such as mandatory sentence increases for subsequent offenses, voting restrictions, or limits to employment eligibility. *Sergio B.*, 2002-NMCA-070, ¶ 10 (emphasis added). Defendant can show no such continuing consequences as a result of this matter. *Wilson*, 2005-NMCA-130, ¶ 14.

{11} Because there is no controversy and no actual relief can be granted by our ruling, Defendant's appeal is moot unless this matter presents issues of "substantial public interest" or is "capable of repetition yet evad[ing] review." *Gunaji v. Macias*, 2001-NMSC-028, ¶ 10, 130 N.M. 734, 31 P.3d 1008. Examples of issues of "substantial public interest" are those involving "constitutional question[s]" or affecting fundamental rights, such as suffrage. *Republican Party of N.M. v. N.M. Taxation & Revenue Dep't*, 2012-NMSC-026, ¶ 10, 283 P.3d 853. Defendant has not presented any arguments regarding the application of the "substantial public interest" exception to his case, and no fundamental rights or constitutional questions are at issue.

{12} There remains the possibility that the issues Defendant presents here evade review, because Defendant was obliged to begin probation immediately upon sentencing, and similarly-situated defendants may also find their appeals mooted

6

before this Court is able to consider them. *Wilson*, 2005-NMCA-130, ¶ 14 (holding that moot appeals may be addressed if they are capable of repetition yet evade review). However, the statute at issue in this case was modified in July 2013, shortly after Defendant's sentencing. *See* § 66-5-205. As modified, the statute eliminates Defendant's concerns regarding the applicability of incarceration; it is now a misdemeanor as provided in NMSA 1978, § 66-8-7, not a "penalty assessment misdemeanor." Section 66-5-205(E); *see also* NMSA 1978 § 66-8-117. The issues here are thus not capable of repetition and are moot. *Sergio B.*, 2002-NMCA-070, ¶ 10.

**CONCLUSION**

{13}     For the reasons above, we affirm Defendant's sentence as to Counts 1 and 2, failure to display registration and no insurance.

{14}     **IT IS SO ORDERED**.

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**LINDA M. VANZI, Judge**

7