This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40114**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellant,

v.

**CHRISTOPHER MIDDLEBROOK,**

> Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Curtis R. Gurley, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** The State appeals the district court's dismissal of the criminal information charging Defendant Christopher D.L. Middlebrook with homicide by vehicle (reckless driving), contrary to NMSA 1978, Section 66-8-101(D) (2016) and great bodily injury by vehicle (reckless driving), contrary to Section 66-8-101(E).[1] The State argues that the

---

1Although not raised by the parties, the criminal information references Section 66-8-101(A), (B). This section, however, defines homicide by vehicle and great bodily harm. The correct Subsections are (D) &

district court impermissibly decided the merits of the case by implicitly engaging in fact finding in its dismissal of the complaint, pursuant to Defendant's pretrial *Foulenfont* motion. *See State v. Foulenfont*, 1995-NMCA-028, ¶ 6, 119 N.M. 788, 895 P.2d 1329 (allowing the dismissal of criminal charges on purely legal grounds when the district court assumes the factual predicate underlying the charges to be true). Because the question of whether Defendant drove recklessly is an issue of fact for the jury to decide and the State presented circumstantial evidence that Defendant acted in a reckless manner, we reverse.

## BACKGROUND

**{2}** This case arises from a rear-end collision that resulted in the death of Amy Huaman and injuries to Cynthia Mortensen (collectively, Victims). Defendant was driving at a speed of approximately 100 miles per hour southbound on Highway 550, above the legal speed limit of 65 miles per hour.  Defendant passed multiple vehicles before the accident, with one van swerving out of Defendant's way. Victims either did not see Defendant's vehicle or did not realize that Defendant was speeding, and executed a legal U-turn into the left lane of southbound Highway 550—positioning themselves in Defendant's path.

**{3}** The investigation conducted by the New Mexico State Police Crash Reconstruction Unit and the vehicles' event data recorder (EDR) paint a picture of the last few moments before the collision.  Victims' vehicle would have been visible to Defendant at a distance of 982 feet, over five seconds before the accident. At five seconds before the collision, Defendant had already gone over the crest of the hill, could see more than half of Victims' vehicle, and was traveling at 101 miles per hour. Defendant maintained his speed until two and a half seconds before the collision. He then reduced his speed to 98 miles per hour, one and a half seconds before the collision. With one second left, Defendant attempted to pass Victims by steering his vehicle into the right lane. Victims, however, simultaneously merged into the right lane. Half a second before the collision, Defendant applied substantial pressure to his break, engaging his anti-lock braking system and reducing the speed to 80 miles per hour at the point of collision.

**{4}** The State charged Defendant with homicide by vehicle in violation of Section 66-8-101(D), and with great bodily injury by vehicle in violation of Section 66-8-101(E). Reckless driving is a necessary component in both of Defendant's charges. *See* § 66-8-101(D), (E). Without disputing essential facts alleged by the State, Defendant filed a *Foulenfont* motion to dismiss, pursuant to Rule 5-601(B) NMRA. *See Foulenfont*, 1995-NMCA-028, ¶ 6. The district court granted the *Foulenfont* motion, reasoning "as a matter of law, that the State cannot meet the elements of [the charges]" because "speed was the sole basis for the charge[s]" and "the State is required to prove that . . . Defendant

---

(E), which are properly referenced on pleadings in the case. *See State v. Roman*, 1998-NMCA-132, ¶ 10, 125 N.M. 688, 964 P.2d 852 (noting a defendant cannot be convicted of an offense without first being charged with that offense).

engaged in something more dangerous than speeding" to prove reckless driving. The State appeals.

**DISCUSSION**

**{5}** "The contours of the district court's power to conduct a pretrial hearing on a motion to dismiss charges brought under Rule 5-601 is a legal question reviewed under a de novo standard." *State v. LaPietra*, 2010-NMCA-009, ¶ 5, 147 N.M. 569, 226 P.3d 668. The State argues that the district court erred in dismissing the case because whether Defendant drove his vehicle recklessly is a question of fact for the jury to decide. Defendant responds that the district court had authority to dismiss the case because New Mexico law establishes that speeding by itself is insufficient to constitute reckless driving, and therefore its *Foulenfont* motion requested a determination on a "narrow legal issue." We agree with the State and explain.

**{6}** Rule 5-601 outlines the district court's authority to rule on pretrial motions in criminal matters. According to Rule 5-601(C), "[a]ny defense, objection or request which is capable of determination without a trial on the merits may be raised before trial by motion." In *Foulenfont*, this Court stated that a district court can decide purely legal matters and dismiss a case when appropriate. 1995-NMCA-028, ¶ 6. "Questions of fact, however, are the unique purview of the jury and, as such, should be decided by the jury alone." *LaPietra*, 2010-NMCA-009, ¶ 7. In *State v. Pacheco*, 2017-NMCA-014, 388 P.3d 307, this Court recognized that deciding whether an issue is a question of fact or a pure question of law to determine if a district court has authority to dismiss charges pursuant to Rule 5-601 may be confusing. *See Pacheco*, 2017-NMCA-014, ¶¶ 9, 10; *State v. Platero*, 2017-NMCA-083, ¶ 9, 406 P.3d 557. Accordingly, this Court clarified that the relevant inquiry is whether the stipulated facts "show that the [s]tate cannot prove the elements of the charged offense at trial, thereby making a trial on the merits unnecessary." *Pacheco*, 2017-NMCA-014, ¶ 10.

**{7}** In this case, a trial on the merits is necessary because whether Defendant drove recklessly is a disputed factual element that the State could prove with the stipulated facts as circumstantial evidence. Defendant analogizes this case to *Foulenfont*, where this Court concluded that the district court appropriately determined "whether a fence comes within the definition of 'structure.'" 1995-NMCA-028, ¶¶ 4, 6. In *Foulenfont*, this Court noted that the state "never disputed [the d]efendants' characterization of the factual predicate underlying the charges, and instead engaged the district court in a purely legal argument." *Id.* ¶ 6. Defendant contends that this case is similar because "the facts were not in dispute," and therefore Defendant's intent involves a legal issue that the district court could resolve without a trial. The requisite intent in reckless driving, however, is a factual element that the parties dispute.

**{8}** The reckless driving statute includes the intent to drive "in willful or wanton disregard of the rights or safety of others." Section 66-8-113(A). This Court has determined that the word "willfully" "concerns [the] defendant's state of mind. 'Willfully' denotes the doing of an act without just cause or lawful excuse. The question of

willfulness is a factual question." *State v. Masters*, 1982-NMCA-166, ¶ 8, 99 N.M. 58, 653 P.2d 889 (internal quotation marks and citations omitted). Additionally, "[w]hen an issue involves a specific determination or finding, especially when it is an element of the offense, it is a question that is within the unique purview of the jury." *LaPietra*, 2010-NMCA-009, ¶ 10. The requisite intent of recklessness is an element of the reckless driving offense. *See* § 66-8-113(A). Therefore, Defendant's intent is a disputed "relevant factual predicate underlying the charges" that the district court did not have the authority to decide. *Pacheco*, 2017-NMCA-014, ¶ 2 (text only).

**{9}**    Furthermore, a jury could infer that Defendant drove in a reckless manner from the circumstantial evidence presented by the State. This Court has established that the jury "may infer from circumstantial evidence that the defendant acted with the requisite intent." *State v. Muraida*, 2014-NMCA-060, ¶ 18, 326 P.3d 1113. According to the stipulated facts, Defendant was cutting in and out of traffic at a speed of over 100 miles per hour. Defendant's driving led to one van swerving out of his way and multiple drivers stated that he passed them "like [they were] standing still." Defendant maintained his high speed even as he approached a hill that blocked the view of the road ahead. After passing the crest of the hill, Defendant saw the Victims' slow-moving vehicle in his path, but he continued without interruption—Defendant did not decelerate or change lanes as he rapidly approached Victim's vehicle. Defendant finally switched lanes one second before the collision, but so did the Victims, leading to the deadly rear-end collision. A jury could potentially use these facts as circumstantial evidence to infer that Defendant drove in a reckless manner. *See id.*

**{10}**    In the order dismissing the criminal information, the district court correctly noted that reckless driving requires "a defendant to have engaged in more dangerous conduct [than careless driving] while also possessing a mens rea to injure or harm others by 'willful or wanton disregard of the rights or safety of others,'" *State v. Vest*, 2021-NMSC-020, ¶ 23, 488 P.3d 626, and that speeding alone is insufficient to constitute reckless driving, *Alford v. Drum*, 1961-NMSC-048, ¶ 7, 68 N.M. 298, 361 P.2d 451. These general statements, however, do not foreclose a conclusion here that recklessness presents a question of fact for a jury to decide. Therefore, it is for the jury to decide, based on the totality of the circumstances, if the conduct and intent rise beyond careless driving to reckless driving. *See State v. Doyal*, 2023-NMCA-015, ¶ 18, 525 P.3d 412 (adopting a totality of the circumstance approach to determine whether a defendant drove recklessly), *cert. denied*, ___NMCERT___ (No. S-1-SC-39674, Jan. 20, 2023). Further, although speeding alone is insufficient to constitute reckless driving, it is one of the factors for a jury to consider in determining the totality of the circumstances test. *Id.* ¶ 17. Our analysis in *Doyal,* illustrates that the totality of the circumstances may give rise to reckless driving, even when the defendant's only traffic infraction is speeding. *Id.* ¶ 20.

**{11}**    In *Doyal*, the defendant appealed his conviction for great bodily injury by vehicle (reckless driving), arguing that the evidence was insufficient to support his conviction because his only transgression was speeding. *Id.* ¶ 14. After accepting the defendant's general statement that speeding is insufficient to constitute recklessness, this Court

concluded that "our jurisprudence supports a totality of the circumstances approach in which a *jury* considers all contributing factors to determine whether a defendant acted recklessly" and that "speeding is just one factor for the *jury* to consider when addressing whether a defendant acted recklessly." *Id.* ¶¶ 17, 18. (emphases added). In considering whether there was sufficient evidence to establish recklessness, this Court reviewed the circumstances presented to the jury, "particularly those actions leading up to the collision." *Id.* ¶ 20. This Court highlighted that the defendant was unfamiliar with the road, the road's hazardous terrain, the multiple warning signs along the road, and that the defendant accelerated into a curve. *Id.* This Court concluded these facts were circumstantial evidence that a jury could reasonably use to find that the defendant's action constituted a disregard for the rights and safety of others. *Id.*

**{12}** In *Doyal*, this Court clarified that speeding can constitute reckless driving, but only if there are additional factors to support such a determination. *See id.* ¶¶ 18, 20. *Doyal* does not contradict established law that speeding by itself is insufficient to constitute reckless driving. *See State v. Munoz*, 2014-NMCA-101, ¶ 10, 336 P.3d 424 (stating that "speeding can constitute recklessness if the speeding created a danger for others and additional conduct establishes that a driver willfully disregarded the safety of others"); *see also State v. Clemonts*, 2006-NMCA-031, ¶ 16, 139 N.M. 147, 130 P.3d 208 (stating that "speed alone is insufficient to show reckless or wanton operation of a motor vehicle"). Rather, *Doyal* clarifies that a jury can use the totality of the circumstance including additional conduct beyond speeding—such as additional traffic violations, disregarding warnings and heavy traffic, or ignoring hazardous conditions—to determine that the defendant drove in a reckless manner. *See* 2023-NMCA-015, ¶ 20. Even if the "overarching conduct that caused the accident was speeding," as was the case in *Doyal* and as Defendant suggests was the case here, "a jury considers *all contributing factors* to determine whether the defendant acted recklessly." *Id.* ¶ 18 (emphasis added).

**{13}** Accordingly, the district court incorrectly concluded that "the State is required to prove that Defendant engaged in something more dangerous than speeding." Speeding may be sufficiently dangerous to constitute reckless driving if the jury determines that, in considering the totality of the circumstances, there is sufficient circumstantial evidence to find that Defendant drove with willful or wanton disregard of the rights or safety of others. *See id.* ¶¶ 18, 20.

**CONCLUSION**

**{14}** For the foregoing reasons, we reverse and remand.

**{15}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**MICHAEL D. BUSTAMANTE, Judge,**
**retired, sitting by designation**