The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: <u>November 30, 2023</u>

**No. A-1-CA-40605**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**MICHAEL FIERRO a/k/a**
**MICHAEL S. FIERRO a/k/a**
**MIKE SAMUEL FIERRO,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Eileen P. Riordan, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**BOGARDUS, Judge.**

{1}    The Decision filed in this matter on November 21, 2023 is hereby withdrawn and replaced with this Opinion, based upon a motion to publish, which the Court has simultaneously granted by separate order.

{2}    Defendant Michael Fierro appeals his convictions for criminal trespass in violation of NMSA 1978, Section 30-14-1(A) (1995); and criminal damage to property over $1000 in violation of NMSA 1978, Section 30-15-1 (1963). Defendant argues that: (1) the evidence presented at trial was insufficient to support a conviction of criminal trespass; (2) the district court provided improper jury instructions regarding the criminal trespass charge; and (3) his conviction for criminal damage to property over $1000 violated his right to equal protection. The State concedes that there was insufficient evidence presented at trial to convict Defendant of criminal trespass. Because we agree, we reverse Defendant's conviction for criminal trespass and therefore do not address the merits of Defendant's second argument. Moreover, we do not consider Defendant's third argument because we conclude that sufficient evidence does not support Defendant's conviction for criminal damage to property over $1000. *See State v. Clemonts*, 2006-NMCA-031, ¶ 10, 139 N.M. 147, 130 P.3d 208 (raising sufficiency of the evidence sua sponte because "the [s]tate's failure to come forward with substantial evidence

of the crime charged implicates fundamental error and the fundamental rights of [the d]efendant").

{3}     Because the jury below also found Defendant guilty of the lesser included offense of criminal damage to property, we reverse Defendant's convictions for criminal damage to property over $1000 and remand the case for entry of judgment of conviction and resentencing for criminal damage of property without a new trial. *State v. Haynie*, 1994-NMSC-001, ¶ 4, 116 N.M. 746, 867 P.2d 416.

**BACKGROUND**

{4}     On August 23, 2021, Defendant was arrested for criminal trespass when he was seen by Officer Javier Garcia jumping over a fence surrounding a residence in Carlsbad, New Mexico. Officer Garcia put Defendant in the back of his patrol car, where Defendant became erratic and kicked the plexiglass divider. Defendant cracked the divider and the estimated cost of repair was $1,710. This estimate presented at trial included a drive time and mileage charge for the transport of the patrol car from Carlsbad to Albuquerque, New Mexico, and back. Despite the State failing to present evidence on the location of the trespass, the jury convicted Defendant of criminal trespass to property, criminal damage to property, and criminal damage over $1000. Defendant appeals.

**DISCUSSION**

{5} We review whether there is sufficient evidence to support a conviction de novo. *State v. Neatherlin*, 2007-NMCA-035, ¶ 8, 141 N.M. 328, 154 P.3d 703. When reviewing for sufficiency, we view the evidence in the light most favorable to the verdict, then determine "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Trossman*, 2009-NMSC-034, ¶ 16, 146 N.M. 462, 212 P.3d 350 (internal quotation marks and citation omitted). We "indulg[e] all reasonable inferences and resolv[e] all conflicts in the evidence in favor of the verdict." *State v. Chavez*, 2009-NMSC-035, ¶ 11, 146 N.M. 434, 211 P.3d 891 (internal quotation marks and citation omitted). In reviewing for sufficiency, "[t]he reviewing court does not weigh the evidence or substitute its judgment for that of the fact[-]finder as long as there is sufficient evidence to support the verdict." *Id.* (internal quotation marks and citation omitted).

**I. Criminal Trespass**

{6} The State concedes that there was insufficient evidence presented at trial to convict Defendant of criminal trespass. Although we are not bound by the State's concession, *see State v. Martinez*, 1999-NMSC-018, ¶ 26, 127 N.M. 207, 979 P.2d 718, we agree that there was insufficient evidence to convict Defendant of that crime. Simply, the State failed to establish that Defendant "entered or remained at" the

4

property in question. *See* UJI 14-1401 NMRA (element 1); § 30-14-1(A) (defining criminal trespass as "knowingly entering or remaining upon posted private property without possession written permission from the landowner or person in control of the land"). The State concedes that the State failed to present "any evidence . . . to the jury as to the specific location at which the trespass allegedly occurred." After reviewing the record, we agree with the State that no evidence at trial established where the trespass occurred. Therefore, there was no evidence to support the first required element of the charge under the jury instructions to find Defendant guilty of criminal trespass and his conviction must be reversed. *See Montoya*, 2015-NMSC-010, ¶ 52 (stating that there must be sufficient evidence to support a guilty verdict with respect to every element of the crime); *see also State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 (stating that the jury instructions are the law of the case).

## II. Criminal Damage to Property Over $1000

{7} When our review of a conviction for sufficiency of the evidence requires us to interpret the language of a statute it "presents a question of law which is reviewed de novo." *Chavez*, 2009-NMSC-035, ¶ 10. "In interpreting a statute, our primary objective is to give effect to the Legislature's intent." *State v. Trujillo*, 2009-NMSC-012, ¶ 11, 146 N.M. 14, 206 P.3d 125. We look first to the language used in the statute and its plain meaning to determine legislative intent. *Id*. If the language is

5

clear and unambiguous we will follow the meaning of that language and refrain from further interpretation. *Id.* Moreover, "[w]e will not read into a statute any words that are not there, particularly when the statute is complete and makes sense as written." *Id.* "After reviewing the statutory standard, we apply a substantial evidence standard to review the sufficiency of the evidence at trial." *Chavez*, 2009-NMSC-035, ¶ 11.

{8}     The statute for criminal damage to property over $1000 states that any person who "commits criminal damage to property is guilty of a petty misdemeanor" unless the damage caused "amounts to more than one thousand dollars [in which case] he is guilty of a fourth degree felony." Section 30-15-1. The calculation for the amount of damage is either "the difference between the price at which the property could ordinarily be bought or sold prior to the damage and the price at which the property could be bought or sold after the damage," UJI 14-1510 NMRA, or "the cost of repair or replacement, whichever is less." *State v. Cobrera*, 2013-NMSC-012, ¶ 8, 300 P.3d 729 (explaining that the instruction provides two separate methods for evaluating property damage). The replacement cost here, including installation labor but excluding mileage and per diem for the technician, is approximately $600. Nothing in the language of the statute or the UJI states that *additional charges or costs* can be included in the "repair or replacement cost" of the item damaged. Furthermore, the language "repair or replacement cost" is clear and does not necessarily encompass additional charges such as transportation costs to a repair

facility or for the technician to perform the repair or replacement. We would effectively be reading words into the statute and UJI for criminal damage to property by including additional costs, such as the cost to transport a technician, in the calculation of the amount of damage caused by the defendant. *Trujillo*, 2009-NMSC-012, ¶ 11. We will not read language into a statute when the plain meaning of the language present is clear, *id.*, and we therefore conclude that the cost of the technician's travel to Carlsbad from Albuquerque to work on the police car cannot be included in calculation of the amount of damage caused by Defendant.

{9}     Based on our view of the statute, the jury should not have been permitted to consider the mileage and drive time charges as a portion of the damage caused by Defendant. The only evidence presented at trial as to the damage caused by Defendant was less than $1000. Thus, there was insufficient evidence at trial for a jury to convict Defendant of criminal damage to property over $1000 and we reverse Defendant's conviction on that charge.

**CONCLUSION**

{10}     We reverse Defendant's convictions for trespass and criminal damage to property over $1000. We remand for entry of judgment of conviction and resentencing based on Defendant's conviction for misdemeanor criminal damage to property. *Haynie*, 1994-NMSC-001, ¶ 4

{11}   **IT IS SO ORDERED.**


_____
**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**


_____
**ZACHARY A. IVES, Judge**


_____
**KATHERINE A. WRAY, Judge**