This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41865**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**B.S.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Mercedes Murphy, District Court Judge**

Raúl Torrez, Attorney General
Teresa Ryan, Assistant Solicitor General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## DECISION

**MEDINA, Judge.**

**{1}** B.S. (Child) appeals his adjudication as a delinquent for criminal sexual penetration (CSP), contrary to NMSA 1978, Section 30-9-11(F) (2009). Child argues on appeal that the State presented insufficient evidence of "physical force" to sustain the adjudication. We hold that pushing past someone's shorts and underwear and then inserting a finger into that person's vagina is legally sufficient to constitute "physical force." We therefore affirm.

**BACKGROUND**

**{2}**     On a weekend with relatives, Child, a fourteen-year-old boy, and Victim, a thirteen-year-old girl, began playing on a bed in a room alone. During a game, Child inserted his finger into Victim's vagina.

**{3}**     A delinquency petition was filed alleging Child had committed the delinquent act of CSP, contrary to Section 30-9-11(F). During trial, Victim testified, "[Child] moved [my] shorts and put his finger inside of me." Victim told the jury, "he basically fingered me without consent" and "I froze because when I get scared I tend to freeze up." Victim confirmed that she was wearing underwear and jean shorts and that Child pushed past her underwear with his hand. Child was adjudicated delinquent and found to be in need of care or rehabilitation. This appeal followed.

**DISCUSSION**

**{4}**     Child argues that the State presented insufficient evidence of physical force to sustain his adjudication for committing the delinquent act of CSP. Specifically, Child asserts that his act of moving aside clothing and then inserting his finger into Victim's vagina does not constitute "physical force" under Section 30-9-11(F) as a matter of law. Child offers a working definition of "physical force" from *Merriam-Webster Dictionary*—a showing of "violence, compulsion, or constraint"—and suggests that this definition was not met. *See Force*, *Merriam-Webster*, https://www.merriam-webster.com/dictionary/force#:~:text=%3A%20strength%20or%20energy%20exerted%20or,motion%20or%20change%20%3A%20active%20power (last visited October 1, 2024). Further, Child contends that, because the State failed to establish the degree of physical force present in earlier New Mexico case law on the issue, it did not meet its burden of proving the element of physical force or physical violence, as required to sustain an adjudication for CSP. We disagree for the following reasons.

**I.     Moving Aside Underwear and Shorts and Inserting a Finger Into a Victim's Vagina Is Legally Sufficient to Constitute "Physical Force"**

**{5}**     To the extent Child's argument requires us to interpret the CSP statute, "that presents a question of law which is reviewed de novo on appeal." *See State v. Chavez*, 2009-NMSC-035, ¶ 10, 146 N.M. 434, 211 P.3d 891. "In interpreting a statute, our primary objective is to give effect to the Legislature's intent." *State v. Trujillo*, 2009-NMSC-012, ¶ 11, 146 N.M. 14, 206 P.3d 125. "In discerning legislative intent, we look first to the language used and the plain meaning of that language." *Id.* "[W]hen a statute contains clear and unambiguous language, we will heed that language and refrain from further statutory interpretation." *Id.* "After reviewing the statutory standard, we apply a substantial evidence standard to review the sufficiency of the evidence at trial." *Chavez*, 2009-NMSC-035, ¶ 11.

**{6}**     "[CSP] is the unlawful and intentional causing of a person to engage in sexual intercourse . . . or the causing of penetration, to any extent and with any object, of the

genital . . . openings of another." Section 30-9-11(A). Section 30-9-11 codifies four degrees of CSP. Relevant here, "[CSP] in the third degree consists of all CSP perpetrated through the use of force or coercion not otherwise specified in this section." *See* § 30-9-11(F).

**{7}** At issue here is one element of third degree CSP. Specifically, the State was required to prove beyond a reasonable doubt that "[C]hild used physical force or physical violence." We first address this matter as a question of statutory interpretation.

**{8}** A plain reading of the statute demonstrates no specialized definition of "physical force" is necessary. The Legislature provided an enumerated list of definitions for the statutory term "force or coercion" including that which is relevant here: "physical force or physical violence." NMSA 1978, § 30-9-10(A)(1) (2005); Section 30-9-11(F). We interpret this explicitly contained definitional statutory structure to indicate the Legislature intended that common usages of "physical force or physical violence" apply to Section 30-9-11(F). While not binding on this Court, the court in *People v. Griffin*, 94 P.3d 1089, 1093-94 (Cal. 2004), considered a similar argument and held that a plain reading of the California forcible rape statute including a requirement of "physical force" supported "a conclusion that the Legislature did not intend the term 'force' . . . to be given any specialized legal definition" and "trial courts are under no obligation to instruct sua sponte on the definition of the term." *See also State v. Munoz*, 2006-NMSC-005, ¶ 24, 139 N.M. 106, 129 P.3d 142 (holding "[w]here the issue is the failure to instruct on a term or word having a common meaning, there is no error in refusing an instruction defining the word or term").

**{9}** This Court addressed the meaning of the term "physical force" in *State v. Huff*, 1998-NMCA-075, ¶ 9, 125 N.M. 254, 960 P.2d 342. *Huff* held that no "particular quantum of force" is required to satisfy "force or coercion" under NMSA 1978, Section 30-9-12 (1993) (criminalizing criminal sexual contact). *Huff*, 1998-NMCA-075, ¶ 12. There, this Court determined that the defendant grabbing and squeezing the breasts of the victim was sufficient to establish the "physical force or physical violence" element in a fourth degree criminal sexual contact conviction. *Id.* ¶ 11. Drawing directly from the committee commentary, *Huff* sets out the threshold of "physical force" as whether the force was "sufficient to negate consent." *Id.* ¶ 12. Because the same statutory term— "physical force," *see* § 30-9-10(A)—construed in *Huff* is at issue in this case, we conclude that the definition of physical force set out in *Huff* is controlling.

**{10}** Under the test outlined in *Huff*, it is immaterial what degree of force was used to move clothing aside or insert a finger into the vagina. *See Huff*, 1998-NMCA-075, ¶ 12. The question for the jury is whether the force used was "sufficient to negate consent" under the circumstances presented by the evidence. If the evidence is sufficient to allow a reasonable jury to find that Child's action of putting a hand up through Victim's shorts and underwear and then inserting a finger into her vagina was sufficient force to negate the Victim's consent, the force used satisfies the statutory definition of the "physical force" required to convict under Section 30-9-11(F).

**{11}** We are unpersuaded by Child's contention that prior case law, which addressed arguably more severe exertions of physical force, indicates that the exertion of force here is legally insufficient. None of the cases cited adopt the higher threshold advocated by Child. They simply apply the threshold this Court has adopted to the particular facts and circumstances before the jury in those cases. We also do not agree with Child's argument that the definition of "physical force" we have adopted interferes with or nullifies the Legislature's language defining fourth degree CSP, *see* § 30-9-11(G)(1). Fourth degree CSP criminalizes sexual penetration of a minor between the ages of thirteen and sixteen by an adult at least four years older than the child. Consent is legally irrelevant because of the age of the victim. The sexual penetration is a fourth degree felony even if the victim voluntarily acted and the sexual penetration occurred without any level of force by the perpetrator. If the child does not act voluntarily and there is any force used to accomplish the sexual penetration, the crime is elevated to a third degree felony, and the exception for a perpetrator that is less than four years older than the Victim is removed. As this explanation shows, there is no conflict between these provisions and nothing arbitrary about the Legislature's decision to increase the penalty for statutory rape if it is involuntary and accomplished by any degree of force, rather than with the agreement of the child.

**{12}** Finally, we do not "read into a statute any words that are not there," which would be required in order to rule that the statutory meaning of "physical force" includes a "showing of violence, compulsion, or constraint," as Child's argument suggests. *See State v. Fierro*, 2024-NMCA-016, ¶ 7, 542 P.3d 802 (stating that we do not "read into a statute any words that are not there, particularly when the statute is complete and makes sense as written" (internal quotation marks and citation omitted)).

**{13}** Having concluded that no "particular quantum of force" is required to satisfy "force or coercion" under Section 30-9-11(F), and that moving aside Victim's underwear and shorts and inserting a finger into Victim's vagina is legally sufficient to satisfy the element of "physical force," we now turn to consider whether the evidence presented was sufficient to adjudicate Child as delinquent here.

## II.     Sufficient Evidence Supports the Jury's Finding That Child's Actions Constituted "Physical Force"

**{14}** Child's sufficiency of the evidence challenge requires that we review "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *See State v. Baroz*, 2017-NMSC-030, ¶ 9, 404 P.3d 769 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Baca*, 2019-NMSC-014, ¶ 17, 448 P.3d 576 (internal quotation marks and citation omitted). "In reviewing whether there was sufficient evidence to support a conviction, we resolve all disputed facts in favor of the [s]tate, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**{15}** The district court instructed the jury on the elements of CSP in part as follows:

> For you to find . . . [C]hild committed the delinquent act of [CSP], the [S]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1.     [C]hild caused the insertion, to any extent of a finger into the vagina of [Victim];
>
> 2.     [C]hild used physical force or physical violence;
>
> 3.     [C]hild's act was unlawful.

This instruction tracks the approved uniform jury instruction containing the statutory elements for CSP. *See* UJI 14-941 NMRA.

**{16}** Here, Child challenges the sufficiency of the evidence supporting the second element of CSP, that he used "physical force or physical violence." Viewing the evidence pertinent to the element of "physical force" in the light most favorable to the verdict, the testimonial evidence by Victim that Child moved her shorts and underwear with his hand and digitally penetrated her vagina supports the jury's finding that Child used physical force. In line with *Huff*'s framing of the issue above, this evidence was sufficient to support the jury's finding that Child committed CSP through the use of physical force and that the amount of force was sufficient to negate Victim's consent. *See Huff*, 1998-NMCA-075, ¶ 12. This evidence did factually constitute "use of force" here. We accept as supported by substantial evidence the jury's finding that Child's actions constituted an unlawful intrusion into a legislatively enumerated area of the body protected by Section 30-9-11(A). *See State v. Marquez*, 2016-NMSC-025, ¶ 20, 376 P.3d 815.

**CONCLUSION**

**{17}** For the foregoing reasons, we affirm.

**{18} IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**GERALD E. BACA, Judge**