**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: July 15, 2014

Docket No. 32,861

STATE OF NEW MEXICO,

      Plaintiff-Appellee,

v.

JESUS MUNOZ,

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Sri Mullis, Assistant Attorney General
Albuquerque, NM

for Appellee

Templeman & Crutchfield, P.A.
C. Barry Crutchfield
Lovington, NM

for Appellant

## OPINION

**GARCIA, Judge.**

**{1}**    Jesus Munoz (Defendant) was convicted of homicide by vehicle (reckless driving) pursuant to NMSA 1978, Section 66-8-101(A), (C) (2004), and reckless driving pursuant to NMSA 1978, Section 66-8-113(A) (1987), for his involvement in an automobile collision that killed a passenger in the other car. Defendant appeals, alleging there was insufficient evidence to support the verdicts. In reviewing the evidence with the proper deference to the jury verdict, we conclude that Defendant's disregard of the warning from the Lovington

1

police, veering his vehicle into the crash zone, laughing, and speeding provide sufficient evidence for a rational jury to find that Defendant acted recklessly. We affirm.

**BACKGROUND**

**{2}**    The evidence is being viewed in the light most favorable to the verdicts. *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. On October 6, 2008, Defendant was involved in a collision in Lovington, New Mexico, that killed a passenger in the other car. Prior to the fatal collision, Defendant drove from Hobbs, New Mexico, to Lovington on Highway 18. Chip Marks was also driving on Highway 18 towards Lovington and, as he was attempting to merge into the right lane, Defendant sped by in the right lane. Marks observed Defendant pass other cars and, concerned for the Defendant's safety, called the Lovington Police Department and reported that Defendant's car was speeding and passing other cars.

**{3}**    Officers Brackeen and Macias of the Lovington Police Department responded to Marks' report and conducted a traffic stop, pulling Defendant over within the Lovington city limits. Although Officer Brackeen did not observe the Defendant speeding or passing cars, Defendant admitted to Officer Brackeen he had been driving eighty miles per hour. Officer Brackeen gave the Defendant a verbal warning and told him to "slow down before he got somebody hurt." Furthermore, Officer Brackeen told Defendant to follow the forty-five mile per hour speed limit and advised him the speed limit would decrease from forty-five to thirty-five miles per hour. Approximately two minutes after the traffic stop was concluded, the Officers received notification of the fatal collision.

**{4}**    One to one and one-half miles from where the traffic stop occurred, Avenue F intersects with Highway 18. Francisco Trejo was driving on Avenue F with his passenger Cruzina Ruiz. They arrived at a stop sign located at the intersection of Avenue F and Highway 18. At that point, Trejo prepared to cross the intersection. Before Trejo began crossing Highway 18, he believed the cars approaching on Highway 18 were at a sufficient distance to allow a safe crossing. While crossing, Trejo suddenly became aware of Defendant's car and the imminent possibility of the two cars colliding. Trejo attempted to avoid Defendant by accelerating. Defendant, driving in the left lane, might have avoided the collision by veering to the left towards the traffic lanes heading in the opposite direction (Trejo's car was moving to Defendant's right). Instead, Defendant veered his car to the right, towards Trejo's car. In the moments before the collision, Trejo testified that Defendant appeared to be laughing as he veered into Trejo's accelerating car. Defendant crashed into the passenger side of Trejo's car, where Ruiz was located. Ruiz died as a result of the injuries she sustained from the collision.

**{5}**    At the physical location of the collision, the speed limit was thirty-five miles per hour. According to the accident reconstruction report conducted by the New Mexico State Police, Defendant was traveling between fifty-four and fifty-nine miles per hour before he applied the brakes and thirty-seven to forty miles per hour at the time of impact. These

estimates were based on the examination of the front brakes of the Defendant's car by the police. Although not examined during the investigation, the testimony established that, had the rear brakes been fully functioning, Defendant's car could have been traveling at an even higher rate of speed.

{6}     The State charged Defendant with vehicular homicide by reckless driving and misdemeanor reckless driving. At trial, the district court denied Defendant's motion to dismiss charges based upon the failure of the State to provide sufficient evidence to support the required element of recklessness. A jury convicted Defendant of both crimes. Defendant timely appealed the jury verdict.

**STANDARD OF REVIEW**

{7}     In reviewing the sufficiency of the evidence, the court determines "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 (internal quotation marks and citation omitted). Evidence is viewed by the appellate court in "the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *Cunningham*, 2000-NMSC-009, ¶ 26. This Court "does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Chavez*, 2009-NMSC-035, ¶ 11, 146 N.M. 434, 211 P.3d 891 (internal quotation marks and citation omitted). In short, the court determines if "a rational jury *could* have found beyond a reasonable doubt the essential facts required for a conviction." *Garcia*, 2011-NMSC-003, ¶ 5 (internal quotation marks and citation omitted).

**DISCUSSION**

{8}     Defendant claims the evidence is insufficient to establish the legal requirement that he acted in a reckless manner by disregarding the rights of others. Recklessness is a statutory element in vehicular homicide by reckless driving and misdemeanor reckless driving. The homicide by vehicle statute requires the State to prove beyond a reasonable doubt that the defendant is guilty of reckless driving pursuant to Section 66-8-113. *See* § 66-8-101(C). Reckless driving is defined in Section 66-8-113(A) as driving "carelessly and heedlessly in willful or wanton disregard of the rights or safety of others and without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property."

{9}     The district court instructed the jury that a conviction for vehicular homicide by reckless driving required a finding that the Defendant "operated a motor vehicle . . . in a reckless manner" and further defined reckless as driving with "willful disregard of the safety of others and at a speed or in a manner that endangered or was likely to endanger any person." UJI 14-240 NMRA; UJI 14-241 NMRA. The jury instruction for the lesser-

included count of reckless driving required the jury to find Defendant "drove carelessly and heedlessly in willful or wanton disregard of the rights or safety of others and without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property[.]" UJI 14-4504 NMRA. Recklessness, being an element of both crimes, is recognized to be the operation of a vehicle in such a way that is likely to endanger others and to willfully disregard the rights and safety of others. *See State v. Wildgrube*, 2003-NMCA-108, ¶ 7, 134 N.M. 262, 75 P.3d 862.

{10}     Defendant concedes that the State presented sufficient evidence to establish he was speeding at the time of the collision, but argues that the evidence is insufficient to prove Defendant willfully disregarded the rights of others. In support of his position, Defendant correctly argues that speeding alone is insufficient to constitute recklessness. *See State v. Clemonts*, 2006-NMCA-031, ¶ 16, 139 N.M. 147, 130 P.3d 208; § 66-8-101(C) ("[S]peeding . . . shall not per se be a basis for violation of [NMSA 1978,] Section 66-8-113 [(1987)]"). But speeding can constitute recklessness if the speeding created a danger for others and additional conduct establishes that a driver willfully disregarded the safety of others. *State v. Simpson*, 1993-NMSC-073, ¶ 21, 116 N.M. 768, 867 P.2d 1150; *see* UJI 14-241 (defining driving in a reckless manner as a "willful disregard of the safety of others and at a speed or in a manner that endangered or was likely to endanger any person"). Thus, the central issue to be addressed is whether sufficient evidence exists for a rational jury to find the Defendant willfully disregarded the rights or safety of others.

{11}     In *State v. Ibn Omar-Muhammad*, the driver sped upwards of 100 miles per hour and intentionally ran police roadblocks during a high-speed police chase. 1985-NMSC-006, ¶¶ 3, 10, 102 N.M. 274, 694 P.2d 922 (addressing and recognizing recklessness in a case that also focused on depraved mind murder). Such facts were sufficient to establish recklessness. *Id.* ¶ 26. In *State v. Richerson*, this Court held that driving seventy miles per hour through a residential neighborhood with a speed limit of twenty-five to thirty-five miles per hour, while driving on the wrong side of the road, was sufficient evidence of reckless driving to allow the question to be submitted to the jury. 1975-NMCA-027, ¶¶ 35, 38, 87 N.M. 437, 535 P.2d 644. In *State v. Sandoval*, this Court upheld a conviction for vehicular homicide by reckless driving. 1975-NMCA-096, ¶ 7, 88 N.M. 267, 539 P.2d 1029. Along with speeding at the time of the accident, witnesses saw the driver revving the engine, speeding, turning corners at high speeds, straddling lanes, and making illegal U-turns minutes before the collision occurred. *Id.* This Court recognized the driver's "course of conduct show[ed], without doubt," that the driver operated his vehicle with disregard for the rights and safety of others. *Id.*

{12}     Defendant's primary argument is based on the premise that his actions were less egregious than the courses of conduct held to be reckless in the prior New Mexico cases. Essentially, Defendant argues that because he did not drive on the wrong side of the road or run police roadblocks, insufficient evidence exists to establish the element of recklessness. The State responds that recklessness does not have a bright-line threshold test, nor is there a statutory list of unsafe actions constituting willful disregard for the rights of others. It

4

asserts that a driver's course of conduct does not have to be as egregious as driving twice the speed limit in a residential neighborhood in order to establish a willful disregard for the rights and safety of others.

**{13}** Defendant's actions in this case were sufficient to establish recklessness. Prior to the collision with Trejo, Marks observed Defendant driving above the speed limit and passing other cars. In *Sandoval*, a driver's actions leading up to the collision were considered as a factor contributing to recklessness. 1975-NMCA-096, ¶ 7. As a result, it was proper for the jury to consider the evidence presented about Defendant's driving on Highway 18 as he approached Lovington, when it was determining the reckless nature of his actions. More importantly, just prior to the collision, Officer Brackeen warned Defendant "to slow down before he got somebody hurt." Officer Brackeen also informed Defendant that the current speed limit was forty-five miles per hour and it would then be decreasing to thirty-five miles per hour. The fact that the collision occurred just one to one and one-half miles from where Officer Brackeen issued his verbal warning to Defendant is relevant to establish a compelling and reasonable inference of whether Defendant willfully disregarded Officer Brackeen's warning. It is also reasonable for the jury to assess whether disregarding an Officer's warning to obey the upcoming speed limits constitutes a disregard for the rights of others, given the additional dangers that speeding within the city limits imposes on pedestrians and other motorists. The facts also established that Defendant was exceeding the speed limit immediately before the collision occurred, traveling nineteen to twenty-four miles per hour over the thirty-five mile per hour speed limit. **[AB 4-5]** Although speeding alone cannot establish recklessness, it is one of many other contributing factors for the jury to consider when addressing whether Defendant acted recklessly. *See Richerson*, 1975-NMCA-027 ¶¶ 35, 38.

**{14}** Policy considerations also support the jury's verdict in this case. "Part of the function of police officers is to carry out community caretaking functions to enhance public safety." *State v. Reynolds*, 1993-NMCA-162, ¶ 8, 117 N.M. 23, 868 P.2d 668, *rev'd on other grounds*, 119 N.M. 383, 890 P.2d 1315. Automobiles are "a dangerous instrumentality and the improper use thereof creates a likelihood of serious menace to public safety and authorizes the most stringent use of the government's police power." *Johnson v. Sanchez*, 1960-NMSC-029, ¶ 15, 67 N.M. 41, 351 P.2d 449. Pulling over a car in order to deter speeding would logically promote public safety. However, an officer's ability to effectively promote public safety requires drivers to comply with the warnings of the officer, and the monetary deterrence of issuing speeding tickets should not be the only tool at the disposal of law enforcement to promote compliance with a warning. Because the effectiveness of a warning to promote public safety partially depends on a driver's compliance with the warning, it would be detrimental to the public safety if drivers were allowed to totally disregard an officer's warning. This Court also recognizes that it is unreasonable to expect, let alone require, absolute compliance with an officer's public safety warning. Warnings of this type naturally diminish over time. Nonetheless, Defendant's failure to comply with Officer Brackeen's warning about the Lovington city speed limit, issued just minutes prior to the collision, is further evidence of a willful and wanton disregard for the rights and safety

of others.

**{15}** Other substantive evidence established that Defendant might have avoided the collision by directing his car to the left of the Trejo vehicle. Instead, Defendant turned his car to the right, towards Trejo's car and the resulting collision. Defendant argued that it is abnormal for motorists to veer left into oncoming traffic lanes in order to avoid a collision, and thus Defendant's decision to veer to the right was a natural reaction to an emergency. This argument was an alternative view of the facts that was properly presented to the jury. The jury's resolution of this disputed factual issue could be decided in favor of either party, and we must now presume that the jury agreed with the State's factual position regarding the evidence. *Cunningham*, 2000-NMSC-009, ¶ 26 ("[W]e must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict."). By resolving this factual issue, it was also reasonable for the jury to find that Defendant's decision to veer his car into Trejo's vehicle was also reckless and an additional factor in establishing that he disregarded the rights and safety of others. Furthermore, Trejo testified it appeared that Defendant was laughing as he veered his car toward the Trejo vehicle. Laughing, in such a dire circumstance, can reasonably be inferred to depict a disregard for the rights and safety of others.

**{16}** Admittedly, Defendant's conduct might be considered less egregious than the driver in *Richerson* who drove seventy miles per hour in a residential neighborhood on the wrong side of the street. 1975-NMCA-027, ¶ 35. However, the State presented sufficient evidence that Defendant disregarded the imminent warning issued by the police moments before the collision, veered his car towards the ensuing collision while laughing, and continued to speed at the time of the collision. Viewing this evidence in the light most favorable to the verdict, we conclude there was sufficient evidence for a rational jury to find that Defendant was driving recklessly when he willfully disregarded the rights and safety of others. We affirm.

**{17}    IT IS SO ORDERED.**

                                      _____

                                        **TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**