This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

No. A-1-CA-41731

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DAVID ANTHONY SALAZAR,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George Eichwald, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Van Snow, Deputy Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Anne Amicarella, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Defendant has appealed his convictions for aggravated fleeing from a law enforcement officer, child abuse, and reckless driving. We previously issued a notice of proposed summary disposition. In response the State filed a memorandum indicating that it did not oppose; Defendant filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we deny the motion to amend and affirm in part, reverse in part, and remand for correction.

**{2}** We will begin with the motion to amend, by which Defendant seeks to advance a challenge to the jury instructions. [MIO ii-v, 4-18] Specifically, Defendant asserts that the jury instruction on child abuse conflated the conduct at issue with the requisite mens rea, [MIO 14, 16] thereby effectively "foreclos[ing] juror decision-making as to the mens rea component of the instruction." [MIO 17]

**{3}** Because Defendant did not raise this issue below, [MIO 5] we review for fundamental error. *See State v. Samora*, 2016-NMSC-031, ¶ 27, 387 P.3d 230. "The doctrine of fundamental error applies only under exceptional circumstances and only to prevent a miscarriage of justice." *State v. Lucero*, 2017-NMSC-008, ¶ 27, 389 P.3d 1039 (internal quotation marks and citation omitted). In this context, we review to determine whether a reasonable juror would have been confused or misdirected "not only from instructions that are facially contradictory or ambiguous, but from instructions which, through omission or misstatement, fail to provide the juror with an accurate rendition of the relevant law." *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134. "In applying the fundamental error analysis to deficient jury instructions, we are required to reverse when . . . misinstruction leaves us with 'no way of knowing whether the conviction was or was not based on the lack of the essential element.'" *State v. Montoya*, 2013-NMSC-020, ¶ 14, 306 P.3d 426 (quoting *State v. Swick*, 2012-NMSC-018, ¶ 46, 279 P.3d 747).

**{4}** In this case, the jury was instructed on the offense of child abuse as follows:

For you to find [Defendant] guilty of child abuse . . . the [S]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1. [Defendant] drove a motor vehicle recklessly and carelessly by driving in and out of traffic and driving 120 mph while attempting to run from police[;]

2. By engaging in the conduct described in Paragraph 1, [Defendant] caused his son, [DSJ], to be placed in a situation that endangered the life or health of [DSJ;]

3. [Defendant] showed a reckless disregard without justification for the safety or health of [DSJ]. To find that [Defendant] showed a reckless disregard, you must find that [Defendant's] conduct was more than merely negligent or careless. Rather, you must find that [Defendant] caused a substantial and unjustifiable risk of serious harm to the safety or health of [DSJ]. A substantial and unjustifiable risk is one that any law-abiding person would recognize under similar circumstances and that would cause any law-abiding person to behave differently than [Defendant] out of concern for the safety or health of [DSJ;]

4. [Defendant] was a parent, guardian, or custodian of the child, or [Defendant] has accepted responsibility for the child's welfare[;]

5.  [DSJ] was under the age of eighteen (18); [and]

6.  This happened in New Mexico on or about the 13th day of November, 2022. [RP 58]

We note that this instruction is patterned after the applicable uniform jury instruction. *See* UJI 14-612 NMRA. It is therefore presumptively valid. *See State v. Ortega*, 2014-NMSC-017, ¶ 32, 327 P.3d 1076 ("Uniform jury instructions are presumed to be correct.").

**{5}** Focusing specifically and exclusively upon the first element, Defendant contends that the instruction "erroneously elided conduct and mens rea" [MIO iv] in a manner which effectively "impos[ed] a mandatory presumption as to mens rea that operated with respect to each of the offenses for which he was convicted." [MIO 6] We disagree.

**{6}** With respect to the first element, UJI 14-612 provides that the instruction must "describe [the] conduct or course of conduct alleged to have been child abuse." In this case, the instruction complies with that directive.

**{7}** Defendant contends that the first element of the UJI was meant to address conduct only, to the exclusion of any characterization or description of that conduct, which might be evocative or reflective of mental state. [MIO iv, 16] As support for this proposition Defendant relies on *State v. Taylor*, 2024-NMSC-011, 548 P.3d 82. However, *Taylor* is inapposite. In that case, the defendants preserved a challenge to a child abuse instruction listing the essential elements "with an *and/or* conjunction provided for alternative ways for the jury to find that [the d]efendants committed child abuse without requiring the jury to unanimously agree on any of those alternatives." *Id.* ¶¶ 9-10. In this case, we are reviewing for fundamental error only, and the instruction that was given did not include similarly problematic "and/or" language. And although *Taylor* noted the potentially confusing relationship between aspects of the litany of events set forth in the "conduct" element of the instruction and the "recklessness requirement of the charged child abuse" offense, *id.* ¶¶ 18-19, it was the "complex structure" of instructions and the "prominent use of the term *and/or*" which allowed the jury to return a guilty verdict based upon a legally inadequate alternative, resulting in in reversible error. *Id.* ¶¶ 20-21. In this case, those concerns are not presented.

**{8}** Nor does the instruction "impose a mandatory presumption" as Defendant contends. To the contrary, the instruction clearly and accurately sets for the requisite mental state, in the third element. Although Defendant suggests that the first element conflated the conduct at issue with the mental state and that this somehow obviated the third element, Defendant's characterization of the instruction is not a reasonable one. To arrive at Defendant's interpretation, the jury would have to ignore the portion of the instruction specifying that the State bore the burden of proving each element of the offense. The jury would also have to ignore the first instruction that was given, advising the jury to "consider these instructions as a whole" and "not pick out one instruction or parts of an instruction or instructions and disregard others." [RP 53] We presume the

jurors followed the instructions. *See State v. Dombos*, 2008-NMCA-035, ¶ 20, 143 N.M. 668, 180 P.3d 675. We therefore conclude that no reasonable jury would have understood the instructions to "foreclose[] jury decision-making as to the mens rea component of the instruction," as Defendant suggests. [MIO 17]

**{9}** Finally, we note that even if the instruction on child abuse could be regarded as ambiguous, the various guilty verdicts ultimately make clear that the jury made the requisite findings relative to Defendant's mental state. *See Samora*, 2016-NMSC-031, ¶ 29 ("[W]e need not conclude that there was fundamental error . . . where the jury's findings, in light of the undisputed evidence in the case, necessarily establish that the omitted element was met beyond a reasonable doubt." (alteration, internal quotation marks, and citation omitted)).

**{10}** As previously mentioned, the jury found Defendant guilty of aggravated fleeing a law enforcement officer and reckless driving, in addition to child abuse. With respect to those offenses, the jury was instructed as follows.

For you to find [D]efendant guilty of aggravated fleeing a law enforcement officer . . . the [S]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

    1.    [D]efendant operated a motor vehicle;

    2.    [D]efendant drove willfully and carelessly in a manner that endangered the life of another person;

    3.    [D]efendant had been given a visual or audible signal to stop by a uniformed law enforcement officer in an appropriately marked law enforcement vehicle;

    4.    [D]efendant knew that a law enforcement officer had given him an audible or visual signal to stop; [and]

    5. This happened in New Mexico on or about the 13th day of November, 2022.

[RP 57]

For you to find [D]efendant guilty of reckless driving . . . the [S]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

    1.    [D]efendant operated a motor vehicle;

    2.    [D]efendant drove carelessly and heedlessly in willful or wanton disregard of the rights or safety of others and without due caution and

circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property; [and]

3. This happened in New Mexico on or about the 13th day of November, 2022.

[RP 59]

**{11}** The jury found Defendant guilty of all of the aforementioned offenses. [RP 48-50] The verdicts make clear that the jury found Defendant to have acted "willfully and carelessly" as well as "heedlessly [and] in willful or wanton disregard."Accordingly, there is no genuine question that the requisite mens rea was duly established.

**{12}** Although Defendant contends that the alleged error with respect to the child abuse instruction undermined the efficacy of all of the other elements instructions, [BIC 10] we cannot agree. As previously mentioned, the jury was instructed that the State bore the burden of establishing *each element* of *each offense*, and that it "must consider the[] instructions as a whole" and "not pick out one instruction or parts of an instruction and disregard others." [RP 53] "We presume that the jury followed the instructions given by the trial court." *State v. Benally*, 2001-NMSC-033, ¶ 21, 131 N.M. 258, 34 P.3d 1134. We therefore reject Defendant's suggestion that the jury effectively disregarded the elements of each of the instructions requiring the jury to make the requisite findings.

**{13}** In light of the foregoing, we conclude that the jury instructions were sufficient to prevent a reasonable juror from becoming confused or misdirected to an extent that would amount to fundamental error. "Therefore, since the issue Defendant seeks to add to his docketing statement is not viable, the motion to amend is denied." *State v. Ibarra*, 1993-NMCA-040, ¶ 13, 116 N.M. 486, 864 P.2d 302.

**{14}** We turn next to the issue originally raised in the docketing statement and renewed in the memorandum in opposition, [MIO 18-22] by which Defendant challenges the sufficiency of the evidence to support his convictions.

**{15}** We previously summarized the relevant evidence. [CN 2-6] To reiterate, Officer Toledo of the Jemez Pueblo Police Department and Deputy Steen of the Sandoval County Sheriff's Department appeared as witnesses. [DS 1-3] Officer Toledo testified that he was in uniform and driving an appropriately marked police cruiser on November 13, 2022, when he observed a black sports car approaching at a high rate of speed. [DS 1-2] After clocking the vehicle at 90 miles per hour in a 55 mile-per-hour zone, Officer activated his emergency lights and attempted to effectuate a traffic stop. [DS 2] The vehicle continued to speed away, weaving in and out of traffic in a congested area. [DS 2] Officer Toledo then called the Sandoval County Sheriff's Office dispatch, described the vehicle, and pulled off to the side of the road. [DS 2] Deputy Steen, who was also driving a marked patrol vehicle, received information about the vehicle and positioned himself to intercept it. [DS 2-3] After a few minutes passed he observed a vehicle matching the description that had been supplied. [DS 3] Deputy Steen followed the

vehicle into a parking lot and turned on his emergency lights. [DS 3] The vehicle sped out of the parking lot and through an intersection. [DS 3] Deputy Steen activated his siren and gave chase, maintaining visual contact with the vehicle at all times. [DS 3] The pursuit continued for roughly five minutes until the vehicle got a flat tire and came to a stop. [DS 3] Deputy Steen then arrested Defendant, who had been driving the vehicle. [DS 2] Both of the police officers observed that Defendant's twelve year-old son had been present in Defendant's vehicle as a passenger throughout the episode. [DS 2-3] The chase was captured by Deputy Steen's dashcam video, which was admitted in evidence. [DS 3]

**{16}**   The foregoing evidence supplies sufficient support for all of the elements of the offenses at issue. *See, e.g., State v. Padilla*, 2008-NMSC-006, ¶ 17, 143 N.M. 310, 176 P.3d 299 (holding that all of the elements of aggravated fleeing were proven at trial, where an officer testified that he was in uniform and in a marked vehicle, he signaled the defendant to stop using both visual and audible signals, and in response the defendant drove away in a willful and careless manner that endangered others by running stop signs, exceeding the speed limit, and nearly colliding with another motorist); *State v. Guilez*, 2000-NMSC-020, ¶ 14, 129 N.M. 240, 4 P.3d 1231, *abrogated on other grounds by State v. Santillanes*, 2001-NMSC-018, ¶ 11, 130 N.M. 464, 27 P.3d 456 (indicating that reckless driving with a child in the vehicle supplied a basis for a conviction for child abuse); *State v. Doyal*, 2023-NMCA-015, ¶¶ 18, 20, 525 P.3d 412 (clarifying that speeding may be sufficiently dangerous to constitute reckless driving, if the jury determines that in considering the totality of the circumstances (such as additional traffic violations, disregarding warnings or heavy traffic, or ignoring hazardous conditions) the defendant drove with willful or wanton disregard of the rights or safety of others); *State v. Munoz*, 2014-NMCA-101, ¶¶ 7, 11, 336 P.3d 424 (observing that "speeding can constitute recklessness if the speeding created a danger for others and additional conduct establishes that a driver willfully disregarded the safety of others," and explaining that reckless driving was properly found in a case where witnesses saw the driver speeding, straddling lanes, and making illegal turns prior to a collision); *State v. Melendrez*, 2014-NMCA-062, ¶¶ 14-20, 326 P.3d 1126 (holding that a defendant who drove in a reckless manner, thereby creating a substantial and foreseeable risk to particular children of which he was aware, was guilty of child abuse by endangerment); *State v. Richerson*, 1975-NMCA-027, ¶¶ 35, 38, 87 N.M. 437, 535 P.2d 644 (holding that driving seventy miles per hour through a residential neighborhood with a speed limit of twenty-five to thirty-five miles per hour, while driving on the wrong side of the road, was sufficient evidence of reckless driving to allow the question to be submitted to the jury).

**{17}**   In his memorandum in opposition Defendant contends that the sufficiency of the evidence is in doubt because the record and the docketing statement do not describe all of the evidence with precision and clarity. [MIO 1-3, 20-22] However, as previously described, the information that is presently available establishes that sufficient evidence was presented with respect to all of the elements of the offenses at issue. This, in turn, satisfies the applicable standard of review. *See State v. Chavez*, 2009-NMSC-035, ¶ 11, 146 N.M. 434, 211 P.3d 891 ("The relevant question is whether, after viewing the

evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . [we do] not weigh the evidence or substitute [our] judgment for that of the fact[-]finder as long as there is sufficient evidence to support the verdict." (alteration, internal quotation marks, and citations omitted)). We therefore reject Defendant's contention that reassignment to the general calendar for more intensive review is required. *See Udall v. Townsend*, 1998-NMCA-162, ¶ 3, 126 N.M. 251, 968 P.2d 341 (explaining, if this Court can obtain sufficient information from the record proper and the docketing statement to enable us to resolve the issues, summary disposition is appropriate).

**{18}** In closing, we pause to reiterate that Defendant's convictions for aggravated fleeing a law enforcement officer, child abuse by endangerment, and reckless driving violate double jeopardy principles. [CN 6-10] Although the judgment and sentence reflects that Defendant's convictions for aggravated fleeing and reckless driving were 'merged' for purposes of sentencing, [RP 72-73] a double jeopardy violation cannot be not cured in this fashion. *See State v. Jones*, 2020-NMCA-029, ¶ 13, 464 P.3d 1079 (indicating that "merger" of two convictions is insufficient to rectify a double jeopardy violation; rather, the appropriate remedy is vacation of the lesser offense). We must therefore reverse in part and remand for the purpose of vacating the conviction for reckless driving. *See State v. Montoya*, 2013-NMSC-020, ¶ 55, 306 P.3d 426 ("[W]here one of two otherwise valid convictions must be vacated to avoid violation of double jeopardy protections, we must vacate the conviction carrying the shorter sentence.").

**{19}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm in part, reverse in part, and remand for further proceedings consistent herewith.

**{20}   IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JAQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**