The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number:_____

Filing Date: **December 17, 2024**

**No. A-1-CA-42084**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**KEVIN E.-O.,**

Child-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Catherine Begaye, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Tyler Sciara, Assistant Solicitor General
Albuquerque, NM

for Appellant

Lisa Torraco
Albuquerque, NM

for Appellee

**OPINION**

**MEDINA, Judge.**

{1}     The State appeals the district court's dismissal of Count 1 of a three-count delinquency petition in which Child Kevin E.-O. was accused of committing the delinquent act of homicide by vehicle (reckless driving), contrary to NMSA 1978 Section 66-8-101(A) (2016). The district court found that the alleged delinquent act was based solely on speeding and therefore could not support a prima facie case for homicide by vehicle. The State argues that the district court's grant of Child's Rule 5-601(E) NMRA pretrial motion to dismiss was error because the district court: (1) misapplied the language of Section 66-8-101, which prohibits treating speeding as a per se violation of the reckless driving statute, NMSA 1978, § 66-8-113 (1987); (2) disregarded the State's circumstantial evidence that Child drove recklessly; (3) failed to consider the totality of the circumstances; and (4) decided a factual issue reserved for the jury. Because the question of whether Child drove recklessly is an issue of fact for the jury to decide and the State presented circumstantial evidence that Child drove in a reckless manner, we reverse and remand to the district court to reinstate the homicide by vehicle charge.

**BACKGROUND**

{2}     On the evening of the events leading to the delinquency petition in this case, Child possessed a driver's permit that required a parent or guardian to be in the

vehicle with him when he drove. Despite the limitation of his permit, Child drove a vehicle without a parent or guardian on the incline of an unlit road. The posted speed limit on that section of the road was 40 mph. Child struck a pedestrian at the top of the incline while driving between 96 and 102 mph. The event data recorder (EDR) from the vehicle indicated that five seconds before the collision, Child drove at 90 mph, 1.5 seconds prior to the collision, increased to 104 mph, and then remained at 103 mph until half a second before the collision. The EDR further indicated no evidence that Child applied the vehicle's brakes at any time before the collision, which killed the pedestrian. Child was charged by petition for delinquency with homicide by vehicle, contrary to Section 66-8-101(A); reckless driving, contrary to Section 66-8-113; and restricted license violation, contrary to NMSA 1978, Section 66-5-19 (2016, amended 2023).

{3}    Child filed a Rule 5-601 motion to dismiss Count 1 of the petition, homicide by vehicle, arguing that it was inappropriate as a matter of law under *State v. Foulenfont*, 1995-NMCA-028, ¶ 6, 119 N.M. 788, 895 P.2d 1329. Child argued, based on the pretrial interviews,[1] the speed of the vehicle was the sole reason deputies charged Child with vehicular homicide. During the motion hearing, Child stipulated to the facts set forth above for purposes of the motion hearing.

---

[1]During a pretrial interview the arresting officer stated that he based the reckless driving on the speed Child was driving.

**{4}** The district court adopted all of the facts as true and uncontroverted. However, in ruling on the motion, the district court found that Child's driving status was not relevant and "the grading of the road and the lack of lighting are not elements of a reckless driving charge" and "the only moving violation is the speeding offense." The district court then found as a matter of law the vehicular homicide charge could not stand because the charge relied on speeding alone to establish reckless driving and dismissed Count 1 of the delinquency petition, the homicide by vehicle (reckless driving) count. This appeal followed.

## DISCUSSION

**{5}** "[A] district court may dismiss [charges in a delinquency petition] when guilt turns on a 'purely legal issue' and any relevant 'factual predicate underlying the charges' is undisputed by the state." *State v. Pacheco*, 2017-NMCA-014, ¶ 2, 388 P.3d 307 (quoting *Foulenfont*, 1995-NMCA-028, ¶ 6); *see* Rule 5-601(C) ("Any defense, objection or request which is capable of determination without a trial on the merits may be raised before trial by motion."). The "underlying question" the district court must answer in deciding a *Foulenfont* motion, is "whether the undisputed facts—whether stipulated to by the [s]tate or alleged in the indictment or information—show that the [s]tate cannot prove the elements of the charged offense at trial, thereby making a trial on the merits unnecessary." *Pacheco*, 2017-NMCA-014, ¶ 10. Often the answer to this question turns on "whether the [s]tate could

reasonably assert the availability of additional evidence." *Id.* (internal quotation marks and citation omitted). "Questions of fact, however, are the unique purview of the jury and, as such, should be decided by the jury alone." *State* v. *LaPietra*, 2010-NMCA-009, ¶ 7, 147 N.M. 569, 226 P.3d 668. "Whether a district court properly grants or denies a [child's] motion to dismiss a[ count in a delinquency petition] on purely legal grounds presents a question of law that we review de novo." *State* v. *Winn*, 2019-NMCA-011, ¶ 9, 435 P.3d 1247. To the extent we are required to interpret statutes, we do so under a de novo standard of review. *See State v. Gutierrez*, 2023-NMSC-002, ¶ 22, 523 P.3d 560.

{6}     In order to adjudicate Child for committing the delinquent act of homicide by vehicle (reckless driving), the State would be required to prove beyond a reasonable doubt the following elements of homicide by vehicle (reckless driving): (1) Child "operated a motor vehicle in a reckless manner"; and (2) Child's "reckless driving caused the death of [the] victim." UJI 14-240C NMRA; *see* § 66-8-101(D). In order to prove Child drove in a reckless manner the State would have to prove beyond a reasonable doubt the following element of reckless driving: "[Child] drove with willful disregard of the safety of others and at a speed or in a manner that endangered or was likely to endanger any person." UJI 14-241 NMRA; *see* § 66-8-113(A).

{7}     The State contends the district court erred in dismissing Count 1 of the petition, homicide by vehicle (reckless driving), because the district court: (1)

"misapplied the language of Section 66-8-101, . . . prohibiting [reliance solely on a] violation of speeding laws as a per se violation of reckless driving under Section 66-8-113"; (2) failed to consider "the State's circumstantial evidence of Child's reckless driving," finding that this evidence was not relevant to the "elements of [the] reckless driving charge"; and (3) decided a factual issue that is reserved for the jury. Child responds that the district court properly dismissed the vehicular homicide charge because the plain language of Section 66-8-101(A) prohibits reliance on a violation of speeding laws as a per se violation of reckless driving.

{8}     We turn first to the plain language of the homicide by vehicle statute. Section 66-8-101(D) provides in part:

> A person who commits homicide by vehicle while violating Section 66-8-113 . . . [Reckless Driving] is guilty of a third degree felony and shall be sentenced . . . , provided that violation of speeding laws as set forth in the Motor Vehicle Code [Chapter 66, Articles 1 to 8 NMSA 1978] shall not per se be a basis for violation of Section 66-8-113 . . . [Reckless Driving].

{9}     "It is well-settled that words in a statute take their ordinary meaning absent legislative intent to the contrary." *State v. Holt*, 2016-NMSC-011, ¶ 12, 368 P.3d 409. Therefore, we agree that the plain language of Section 66-8-101(D) prohibits relying solely on a violation of the speeding laws as a per se reckless driving. "Per se" is defined as "standing alone, without reference to additional facts," *Per se*, *Black's Law Dictionary* (12th ed. 2024).

5

{10}     Our Legislature defines reckless driving as:

> Any person who drives any vehicle carelessly and heedlessly in [a] willful or wanton disregard of the rights or safety of others *and* without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property is guilty of reckless driving.

Section 66-8-113(A) (emphasis added).

{11}     The plain language of Section 66-8-113(A) requires two elements to convict of reckless driving: proof of driving "without due caution and circumspection," which can be established by driving either "at a speed or in a manner so as to endanger or be likely to endanger any person or property." Our Supreme Court has clarified that speeding alone is not enough to convict—reckless driving also requires proof that the speed or manner of driving was engaged in "willfully." The term "'willfully' concerns a[n accused's] state of mind" and "denotes the doing of an act without just cause or lawful excuse," *State v. Masters*, 1982-NMCA-166, ¶ 8, 99 N.M. 58, 653 P.2d 889, a necessary element for conviction of reckless driving. Our Supreme Court has held that where a driver is shown to be speeding to a degree or in a manner likely to endanger persons or property and done so "willfully," a conviction for reckless driving is not based on speeding alone. *See State v. Simpson*, 1993-NMSC-073, ¶ 21, 116 N.M. 768, 867 P.2d 1150. In *Simpson*, the Court approved a jury instruction for reckless driving that instructed the jury that it must find that the defendant "drove with willful disregard of the rights or safety of others

6

*and* at a speed or in a manner which endangered or was likely to endanger any person or property." *Id.* (internal quotation marks and citation omitted). The Court concluded that the jury was adequately instructed that speeding alone was not a per se basis for conviction of reckless driving—to find a defendant guilty of reckless driving under this instruction, the jury had to find, in addition to speeding, that the defendant "drove with willful disregard of the rights or safety of others." *Id.* (internal quotation marks omitted). This Court recently concluded, relying on *Simpson,* that "our jurisprudence supports a totality of the circumstances approach in which a jury considers all contributing factors to determine whether a defendant acted recklessly." *State v. Doyal*, 2023-NMCA-015, ¶ 18, 525 P.3d 412, *cert. denied*, (S-1-SC-39674, Jan. 20, 2023).

{12}     In *Doyal*, this Court concluded that the facts that the collision occurred immediately after the defendant passed warning signs, that it was dark, and that "[the d]efendant was unfamiliar with the road [were] compelling circumstances from which a reasonable jury could infer that [the d]efendant was not only speeding but that [the defendant] also willfully disregarded the warnings and the condition of the roadway." *Id.* ¶ 20. Moreover, this Court concluded that it was "reasonable for the jury to find that disregarding the warnings and the hazardous road . . . while accelerating to almost twice the speed limit constituted a disregard for the rights and safety of others." *Id.*

7

**{13}** Here, in addition to Child's speeding, the State asserted facts regarding (1) Child's driving in violation of the terms of his permit; (2) Child increasing his speed despite the grade of the road, which impaired the visibility of the top of the incline; (3) Child's disregard of the posted speed limit of 40 mph; (4) Child's disregard of the lack of lighting on the road; (5) Child's driving at a speed more than double the posted speed limit; and (6) the EDR data from Child's vehicle, showing Child failing to brake seconds before the crash. This evidence gives rise to questions of fact for the jury about whether Child was speeding to a degree or in a manner likely to have endangered persons or property and whether Child did so with willful disregard of the rights or safety of others. A conviction of reckless driving would rely on the jury's findings as to these facts and the inferences from them, and not solely on Child's violation of the speeding laws. "When an issue involves a specific determination or finding, especially when it is an element of the offense, it is a question that is within the unique purview of the jury" to decide. *LaPietra*, 2010-NMCA-009, ¶ 10.

**{14}** During the motion hearing, the State made clear that its claim of reckless driving resulting in the death of a pedestrian was based on more than a speeding violation standing alone. The jury would be asked to make factual findings both about whether Child was driving in a manner "likely to endanger any person or property" and whether Child did so "with willful or wanton disregard for the rights

8

and safety of others." Section 66-8-113(A). The district court's ruling on the motion to dismiss was error because the question of whether the Child drove with willful "disregard of the rights of the safety of others and without due caution and circumspection" was a determination for the jury not the district court to decide. *See Doyal*, 2023-NMCA-015, ¶ 8; *LaPietra*, 2010-NMCA-009, ¶ 10; *State v. Munoz*, 2014-NMCA-101, ¶ 8, 336 P.3d 424.

{15} To the extent the district court found that the evidence of Child's driving status and "the grading of the road and the lack of lighting are not elements of a reckless driving" allegation, and that only Child's act of speeding was relevant, we disagree. Although these excluded facts are not independent elements of reckless driving, they are "contributing factors" a jury would be entitled to rely on in deciding whether Child drove recklessly. *See Doyal*, 2023-NMCA-015, ¶ 18 (recognizing that "our jurisprudence supports a totality of the circumstances approach in which a jury considers all contributing factors to determine whether a[n accused] acted recklessly"); *Munoz*, 2014-NMCA-101, ¶ 10 (observing that "speeding can constitute recklessness if the speeding created a danger for others and additional conduct establishes that a driver willfully disregarded the safety of others").

**CONCLUSION**

{16} Based on the forgoing, we conclude the district court erred in granting Child's motion to dismiss and reverse.

{17}     **IT IS SO ORDERED.**

                                        _____
                                        **JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**


_____
**KRISTINA BOGARDUS, Judge**


_____
**JANE B. YOHALEM, Judge**